[No. 17287. *En Banc.* July 7, 1922.]

JOHN P. DUKE, *as Supervisor of Banking, Appellant,* v. R. MINES *et al., Respondents.*[1]

BANKS AND BANKING (1, 3)—STOCKHOLDERS' LIABILITY—INVALID SALE—LIABILITY TO CREDITORS—ESTOPPEL. Where the bank stock was sold under an illegal assessment on notice by the state bank department, to replace impaired capital and surplus, the purchasers cannot avoid the superadded liability under Const., Art. 12, § 11, where they exercised all the attributes of ownership, attended meetings and voted the stock and did not question the validity of the sale until the insolvency of the bank.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 18, 1922, upon sustaining a demurrer to the reply, dismissing an action to enforce the superadded liability of a stockholder of an insolvent bank. Reversed.

*W. V. Tanner* and *John P. Garvin,* for appellant.

*Weter & Roberts* and *Fred S. Fogg,* for respondents.

MACKINTOSH, J.—This case arises out of the same transactions discussed in *Duke v. Force, ante* p. 599, 208 Pac. 67, but presents a question additional to those considered in that opinion, for the reason that it is a suit for superadded liability against a stockholder

[1]Reported in 208 Pac. 75.

who did not pay the assessment made by the board of directors under the order of the banking department in 1920. The facts as they appear in the pleadings are: one Rose Kracrower was the owner of certain stock in the bank at the time that the assessment of 1920 was attempted to be made, and that she refused to pay the assessment, and thereupon her stock was sold, as the law provides, and was purchased by the respondents, the amount of their purchase being paid to the bank and credited upon the assessments. It is the contention of the respondents that they are not stockholders, and are therefore not liable for the super-added liquidation assessment, for the reason that the sale to them was illegal. Some of the reasons advanced for the illegality have been considered by us in the opinion in *Duke v. Force, supra,* and other reasons are assigned by the respondents in their briefs.

We have held in the *Force* case, *supra,* that the assessment of 1920 was illegal, but it does not follow that the respondents here are not liable as stockholders for the superadded liquidation assessment. In *Delano v. Butler,* 118 U. S. 634, 7 S. Ct. 39, it was held that even though the subscription of a stockholder to the capital stock of a bank might be voidable, yet, if the bank were closed, he could not deny his ownership, the court saying:

"In our opinion, it is not open to him now to say that he made this payment in ignorance of the facts, or in ignorance of the legal right which he now seeks to assert to avoid the obligation. His payment was voluntary; it was made either with actual knowledge of the facts, or with such opportunity and means of knowledge as, by the exercise of common diligence would have made him acquainted with the facts, and the payment made by him in conjunction with his co-stockholders was made upon a distinct consideration, whereby the bank in which he was interested was

enabled to undertake anew its regular and active business. Such a course of action on his part must be construed to constitute a complete acquiescence in and ratification of the previous action of the association and the Comptroller of the Currency, in reference to the increase of the capital stock; and he cannot be permitted now to deny that he thereby became, and has continued to be, an owner of sixty shares of the capital stock of the bank fixed at the increased sum."

The supreme court of the United States followed this decision in *Aspinwall v. Butler,* 133 U. S. 595, and *Scott v. Deweese,* 181 U. S. 202, 21 S. Ct. 585, the latter holding:

"The present suit is primarily in the interest of creditors of the bank. It is based upon a statute designed not only for their protection but to give confidence to all dealing with national banks in respect of their contracts, debts and engagements, as well as to stockholders generally. If the subscriber became a shareholder in consequence of frauds practised upon him by others, whether they be officers of the bank or officers of the government, he must look to them for such redress as the law authorizes, and is estopped, as against creditors, to deny that he is a shareholder, within the meaning of section 5151, if at the time the rights of creditors accrued he occupied and was accorded the rights appertaining to that position."

See, also, *Bailey v. Tillinghast,* 99 Fed. 801, 40 C. C. A. 93; *Bartlett v. Stephens,* 137 Minn. 213, 163 N. W. 288, and *Johns v. Clother,* 78 Wash. 602, 139 Pac. 755, where this court stated:

" 'But this is upon the ground that by allowing his name to appear upon the stock list as owner he represents that he is such owner; and he will not be permitted, after the bank failed and when an assessment is made, to assume any other position as against creditors. If, as between creditors and the person assessed, the latter is not held bound by that representation, the list of shareholders required to be kept for the inspec-

tion of creditors and others would lose most of its value.' *Pauly v. State Loan & Trust Co.,* 165 U. S. 606, 622.''

The respondents here exercised all the attributes of ownership; they attended stockholders' meetings, voted this stock, and never questioned the validity of the sale to them until after the bank became insolvent and the rights of creditors had been changed. They cannot now question the validity of the sale under which they apparently took title. The Kracrower stock was allowed to be sold and the respondents purchased it and they cannot now deny their ownership, and, as was held in *Burt v. Bailey,* 73 Fed. 693, 19 C. C. A. 651, it is not now a controversy between the respondents and the holders of the original certificates as to who has the better title, but it is a controversy between the creditors of the bank, represented by the appellant, and the respondents as to whether the latter are stockholders. The appellant is not disputing the respondents' title, and no third party is asserting title to the stock.

For that reason, the judgment of the lower court is reversed, with directions to overrule the demurrer to the reply and to enter judgment in accordance with the motion of the appellant.

PARKER, C. J., BRIDGES, MAIN, HOLCOMB, TOLMAN, MITCHELL, and HOVEY, JJ., concur.