[No. 18799. Department One. December 18, 1924.]

JOHN P. DUKE, *as Supervisor of Banking, Appellant,*
v. CALIFORNIA INVESTMENT COMPANY *et al.,*
*Respondents.*[1]

CORPORATIONS (55) — TRANSFER OF SHARES — SALES — CONTRACT—
LIABILITY. A bank's sale of bank stock for failure to pay an illegal
assessment, which only the holder and a pledgee can question, is
not absolutely void, but voidable only; so that a purchaser at the
sale who is not disturbed in his possession cannot refuse to pay
the purchase price on the ground of failure of title, through the
illegality of the assessment.

SAME (55). The purchaser of bank stock, at a sale under a
voidable assessment, who resold the same and parted with possession
for a consideration, cannot avoid liability for his purchase price
for failure of title through illegality of the assessment.


Appeal from a judgment of the superior court for
King county, Hall, J., entered April 2, 1924, upon find-
ings in favor of the defendants, in an action on a
promissory note, tried to the court. Reversed.

*W. V. Tanner* and *John P. Garvin,* for appellant.
*Fred S. Fogg* and *Weter & Roberts,* for respondents.


PEMBERTON, J.—From a judgment entered in favor
of respondents denying recovery upon a promissory
note, this appeal is taken. The note was a renewal
note in the amount of $10,500, signed by respondents
and payable to the order of the Scandinavian Ameri-
can Bank. The original note was given on March 23,
1920, for the payment of one hundred shares of the
capital stock of the Scandinavian American Bank,
formerly owned by J. E. Chilberg, its president. Be-
cause of the failure on his part to pay an assessment

[1]Reported in 231 Pac. 20.

levied against the stockholders by the board of trustees, the stock was sold by the bank to pay such alleged assessment. Respondent claims that the alleged assessment was void under the case of *Duke v. Force,* 120 Wash. 599, 208 Pac. 67, because it was not passed on by the stockholders; that the bank, having no title to the stock because of the alleged void assessment, could not deliver the stock it attempted to sell to the respondent, and therefore the consideration for the note failed. The respondent sold this same stock to the American Casualty Company. Upon a suit instituted by the banking supervisor against the American Casualty Company for the superadded liability assessment upon this stock, wherein the same defense was made, we held against this contention and allowed the assessment. *Duke v. American Casualty Co. of Tacoma,* 130 Wash. 210, 226 Pac. 501.

It appears from the stipulation of facts on file that J. E. Chilberg, the former owner of the stock, held five hundred shares represented by certificate number 7. One hundred shares of the same were sold to the respondent and certificate number 207 issued therefor. At the time of the alleged assessment, this certificate number 7 was in possession of one J. C. Eden as a pledge. Upon request it was surrendered to the bank and marked canceled. Chilberg, upon request, surrendered the other certificates owned by him and they were also marked canceled. Neither Eden nor Chilberg have ever protested against the sale or made any claim to the stock. This stock was registered in the name of the respondent investment company until November 19, 1920, at which time it was sold to the American Casualty Company. The American Casualty Company issued its proxy to one A. G. Hanson, who thereafter voted the stock at the stockholders' meetings of the bank.

Under these facts we must hold that the sale of the stock for the failure to pay the illegal assessment was not absolutely void but voidable. *Duke v. Mines,* 120 Wash. 624, 208 Pac. 75; *Duke v. Force,* 120 Wash. 599, 208 Pac. 67, 27 A. L. R. 1354. The only persons who can question or challenge the sale are Eden and Chilberg. One purchasing personal property cannot refuse to pay the purchase price on the ground of failure of title, so long as the purchaser is not disturbed in his possession.

"If there is an absolute failure of title by reason of which the goods are taken from the possession of the purchaser and lost to him there is an entire failure of consideration constituting a defense to an action for the price; but want of consideration on the ground of failure of title is no defense, so long as the buyer is not disturbed in his possession of the goods, unless the seller was guilty of fraud in relation to the title, in which event actual loss of possession is held not to be essential." 35 Cyc. 541.

The respondent California Investment Company, having sold the stock in question to the American Casualty Company and parted with its possession for a consideration, cannot avoid liability for the purchase price for a failure of title. Especially this is true when the former owners of the stock have stood by and knowingly permitted these sales and transfers to be made without claiming any right or title to the same, and in fact surrendered their possession upon request for the very purpose of the sale.

"The buyer    .    .    .    as a general rule cannot rescind if he has sold the goods or any part thereof." 35 Cyc. 146.

Otherwise a purchaser of personal property could sell the same, retain the amount recovered, and thereafter refuse to pay the purchase price. We have failed to find a rule of law sustaining such a contention.

The judgment of the trial court is reversed, and the case remanded with directions to enter judgment for appellant consistent with the views herein expressed.

MAIN, C. J., BRIDGES, TOLMAN, and PARKER, JJ., concur.