DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[Sac. No. 236. Department Two.—May 8, 1897.]

## CHARLES BARNES, APPELLANT, v. J. H. GLIDE, ET AL., RESPONDENTS.

MANDAMUS—STATUTE OF LIMITATIONS—TAX LEVY—SWAMP LAND DISTRICT. A proceeding in *mandamus* to compel the trustees of a swamp land district to levy a tax to pay warrants issued more than fourteen years before the commencement of the proceeding, is barred by the statute of limitations.

ID.—NATURE OF MANDAMUS — ACTION AT LAW — SPECIAL PROCEEDING — LIMITATIONS—CONSTRUCTION OF CODE. — A *mandamus* between two private parties to enforce a money obligation, where there is no statutory provision giving it a different character, is generally considered as in the nature of an action at law, in which all ordinary rules of practice, including the statute of limitations, apply; but if it be regarded as a special proceeding under the code, it is still subject, under the terms of section 1109 of the Code of Civil Procedure, to the rules which govern the limitations of actions, and if not subject to either of sections 337, 338, or 339, is subject to section 343, fixing a limit of five years for actions for relief not otherwise provided for.

ID.—DEMAND AND REFUSAL—NEGLECT OF PLAINTIFF.—The necessity of a demand and refusal before bringing a proceeding in *mandamus* does not preclude the running of the statute of limitations, the demand being within the power of the plaintiff at any time, and he cannot avail himself of his own neglect in failing to make a demand, to defeat the object and purpose of the statute of limitations.

APPEAL from a judgment of the Superior Court of Yolo County. W. H. GRANT, Judge.

The facts are stated in the opinion of the court.

*Albert M. Johnson,* and *Wm. Gwynn,* for Appellant.

CXVII. CAL.—1          (1)

*Mandamus* is the proper remedy, as it is brought to compel the performance of an act which the law specially enjoins. (*Hagar* v. *Supervisors*, 51 Cal. 474; *Swamp Land Dist.* v. *Silver*, 98 Cal. 52; *Tarver* v. *Commrs. of Tallapoosa*, 17 Ala. 527; *Commonwealth* v. *Commrs. of Allegheny*, 37 Pa. St. 290; *United States* v. *New Orleans*, 98 U. S. 381; *Coy* v. *City Council Lyons*, 85 Am. Dec. 544, note.) The cause of action on the warrants not having accrued, *mandamus* is not barred by the statute of limitations in this case. (*Carroll* v. *Board of Police*, 28 Miss. 49; *Klein* v. *Board of Supervisors*, 54 Miss. 254; *Justices* v. *Orr*, 12 Ga. 137; 14 Am. & Eng. Ency. of Law, par. 13, page 107.)

*A. J. Bruner, Robert T. Devlin,* and *McKune & George,* for Respondents.

There is no cause of action stated against the defendants, as they have not failed to perform any duty the law specially enjoins, and therefore mandate will not lie. (Code Civ. Proc., sec. 1085; *Davis* v. *Porter*, 66 Cal. 658; *Bates* v. *Gerber*, 82 Cal. 550; High on Extraordinary Legal Remedies, sec. 321; *State* v. *Zanesville etc. Co.*, 16 Ohio St. 308; *State* v. *Republican River Bridge Co.*, 20 Kan. 411–14; *State* v. *Paterson etc. R. R. Co.*, 43 N. J. L. 505; *Coy* v. *City Council of Lyons*, 85 Am. Dec. 539–43.) The obligations set out in the complaint are founded on an instrument in writing, and the limitation of time to commence an action on them is four years. (Code Civ. Proc., sec. 337.) The statute of limitations runs against a proceeding to secure the writ of mandate as in other cases. (*People* v. *French*, 12 Abb. N. C. 156; *Tanner* v. *Potts*, 3 Mont. 364; *Prescott* v. *Gonser*, 34 Iowa, 175.)

*John T. Harrington, amicus curiæ,* for Respondent.

The statute of limitations containing no express exception as to the warrants of a reclamation district, the court can create none. (*Tynan* v. *Walker*, 35 Cal. 639; 95 Am. Dec. 153; *Hibernia Savings etc. Soc.* v. *Conlin,* 67

Cal. 179.) The statute of limitations commenced to run from the time when the action might have been first brought. (Code Civ. Proc., secs. 312, 337, 343; Angell on Limitations, 6th ed., sec. 42; *Sawyer* v. *Colgan*, 102 Cal. 292; *King Iron Bridge etc. Co.* v. *Otoe County*, 27 Fed. Rep. 800; *Carpenter* v. *Dist. Township*, 12 N. W. Rep. 280; *Bates* v. *Gregory*, 89 Cal. 389; *Wilson* v. *Knox County*, 132 Mo. 387.)

McFARLAND, J.—The plaintiff filed a petition or complaint in the superior court, in which he asked for a writ of mandate to be directed to the defendants, Swamp Land District, No. 307, and J. C. Glide, Francis T. Dwyer, and Joseph L. Monica, the present trustees of said district, commanding them "to proceed to have an assessment levied upon the lands in said district sufficient to pay, and for the purpose of paying," certain warrants described in the complaint. The defendants filed a demurrer to the complaint. The demurrer was both general and special, and it was sustained by the court below, and judgment rendered for defendants. From this judgment the plaintiff appeals.

The complaint contains quite a number of counts, but they are all alike, except that a different warrant is described in each count. The first count is a sample of them all. In that count it is averred that Swamp Land District No. 307 was duly organized in September, 1877, and has ever since been an existing corporation; that the other defendants, Glide, Dwyer, and Monica, are now, and for more than six months last past have been, the duly elected and acting trustees of said district; that on the tenth day of September, 1877, the said district, through its then board of trustees, issued to H. M. Hawley & Co. its certain warrant, numbered 23, upon the treasurer of Yolo county, in which county the district is situated, directing said treasurer to pay to said Hawley & Co., or order, "from the Swamp Land Fund in the treasury of said county to the credit of said district No. 307, the sum of three hundred and seventy-two dollars

and ninety-six cents"; that the said warrant was presented to the board of supervisors of said county, and was by them approved, and was thereafter presented to the treasurer of said county, and was by him, on the twelfth day of November, 1887, marked, "Not paid for want of funds," and registered; that since the issuance of said warrant there never has been in the treasury of said county, to the credit of said Swamp Land District, or in the funds of said district, sufficient money with which to pay said warrant, or any interest thereof, and that there never has, during any of said time, been any money whatever in said treasury to the credit of said district, except only the sum of three hundred and eighty dollars, which remained in the treasury for fourteen days, and was paid out upon another warrant; that prior to the first day of November, 1895, the said Hawley & Co. assigned said warrant to plaintiff, who is now the owner and holder thereof; that on the fifth day of November, 1895, the plaintiff demanded, in writing, of defendants that they provide for the payment of said warrant; that the defendant failed and neglected to pay said warrant, or to provide for the payment thereof, or to comply with the demand aforesaid, and no part thereof has ever been paid, but the whole thereof "is due, owing, and unpaid from the said Swamp Land District No. 307 unto this plaintiff." The prayer is that the defendants be required "to proceed to have an assessment levied upon the land in said district sufficient to pay, and for the purpose of paying, each and every warrant hereinbefore described, and all interest due thereon, and to collect all taxes thereon, and to pay all taxes and moneys so collected into the treasury of the county of Yolo," etc. There is also an averment, "upon information and belief," that the defendants have moneys in their hands' belonging to said district, and a prayer that they pay the same into the treasury of said Yolo county; but, as no point is made in the briefs as to this averment, and as it is evidently considered by the parties as unimportant, it is not necessary to consider it.

The defendants, in their demurrer, set up the statute of limitations, and particularly sections 337, 338, 339, and 343 of the Code of Civil Procedure; they also pleaded by the demurrer that the complaint did not state facts sufficient to constitute a cause of action; and these two grounds of demurrer are the only ones discussed by counsel.

Counsel for respondent strenuously contend that the thing which plaintiff seeks to have defendants compelled to do is not a duty "which the law specially enjoins as a duty resulting from the office, trust, or station"; that the law does not specially enjoin the defendants to have an assessment levied upon the land in said district, and particularly, that it is not their special duty to have such an assessment levied for the purpose of paying the warrants, or either of them, mentioned in the complaint. This and many other points are pressed by respondents under that part of their demurrer which asserts that the complaint does not state facts sufficient to constitute a cause of action; but we do not consider it necessary to inquire particularly into these points, because, in our opinion, the proceeding is barred by the statute of limitations.

A proceeding in *mandamus* between two private parties to enforce a money obligation, where there is no statutory provision giving it a different character, is generally considered as a mere action at law, in which case all ordinary rules of practice, including the statute of limitations, apply. In *Commonwealth* v. *Dennison*, 24 How. 97, the supreme court of the United States say: "It is equally well settled that a *mandamus* in modern practice is nothing more than an action at law between the parties, and is not now regarded as a prerogative writ. It undoubtedly came into use by virtue of the prerogative power of the English crown, and was subject to regulations and rules which have long since been disused. But the right to the writ, and the power to issue it, has ceased to depend upon any prerogative power, and it is now regarded as an ordinary process

in cases to which it has application. It was so held by
this court in the cases of *Kendall* v. *United States,* 12
Pet. 615; *Kendall* v. *Stokes,* 3 How. 100." In New York,
before the adoption of the code, and when there seemed
to be no provision of the statute of limitations expressly
applicable to proceedings in *mandamus,* the court held
in *People* v *Supervisors of Westchester,* 12 Barb. 446, that
a proceeding in *mandamus* should by analogy be com-
menced within "the time given by the statute to obtain
a remedy for injuries substantially of a similar character
in the ordinary way, *if that could be pursued";* and, in
*People ex rel. Byrne* v. *French,* 12 Abb. New Cas. 156, the
court alluded to the former case of *People* v. *Supervisors* as
founding the doctrine of limitation upon analogy, but
said that, "whether the proceeding then under review
was to be considered as an action under section 3333 of
the New York code, or a special proceeding under section
3334 of that code, the result would be the same, because
by section 414 of the code the rules of limitation were
made applicable to special proceedings as well as civil
actions." Our code has substantially the same provis-
ions as section 414 of the New York code. Section 1109
of the Code of Civil Procedure, which is a part of the
title under which writs of mandate, *certiorari,* and pro-
hibition are provided for, reads as follows: "Except as
otherwise provided in this title, the provisions of part
II (section 307 to section 1059) of this code are ap-
plicable to, and constitute the rules of, practice in the
proceedings mentioned in this title"; and part II, from
said section 307 to said section 1059, includes the pro-
visions of the code upon the subject of the limitations
of actions. Moreover, section 363 of the Code of Civil
Procedure, which is the closing section of the title, "Of
the time of commencing actions," reads as follows:
"The word 'action,' as used in this title, is to be con-
strued wherever it is necessary so to do as including a
special proceeding of a civil nature." Therefore, it is
quite clear that, not only under the general authorities,
but under the provisions of our code, a proceeding like

the one at bar in *mandamus* is subject to the rules which govern the limitations of actions; and if the present proceeding is not subject to section 337, section 338, or section 339, it is certainly subject to the provisions of section 343, which declares that "An action for relief, not hereinbefore provided for, must be commenced within four years after the cause of action shall have accrued." The reason and philosophy upon which the statute of limitations is based apply here with full force. The warrant set up in the first count of the complaint was issued, presented, and payment thereon was refused, in November, 1877; and this present suit was not commenced until November, 1895, which was eighteen years thereafter. The date of the latest warrant set up in the complaint is 1881, more than fourteen years before the commencement of the action. The present board of trustees, who are made defendants, do not appear to have occupied that position for a longer period than six months prior to the commencement of the suit. The warrants sued on were issued, if at all, by other trustees who were in office from fifteen to eighteen years before this proceeding was instituted. They may have been issued illegally; the act of issuing them may have been *ultra vires;* they may not have been issued for any labor done in the construction of the works of the district; they may have been issued without consideration and fraudulently; they may be forgeries. And it is quite evident that the present defendants, after such a lapse of time, would be in no condition to make any of the defenses above indicated, when witnesses who knew of the facts at the time may be dead, or may have allowed the recollection of them to vanish from their memories. And the evident purpose of the statute of limitations is to prevent such a condition of affairs, and to preclude parties from disturbing that repose which is intended to be final, after the lapse of certain periods of time designated in the statute itself. The position cannot be successfully maintained that no action could be commenced until a de-

mand had been made by plaintiff upon the defendants
to act. Whether such demand be necessary in a case
like the present it is not necessary to determine; for the
demand itself was an act within the power of the plain-
tiff. In *Prescott* v. *Gonser*, 34 Iowa, 179, the court say:
" That the action of mandamus cannot be maintained
until there has been a refusal to perform the official
duty sought to be enforced is true, but to hold that a
plaintiff who has a right to demand performance at any
time may delay such demand indefinitely would enable
him to defeat the object and purpose of the statute. It
is certainly not the policy of the law to permit a party
against whom the statute runs to defeat its operation
by neglecting to do an act which devolves upon him in
order to perfect his remedy against another. If this
were so, a party would have it in his own power to defeat
the purpose of the statute in all cases of this character.
He could neglect to claim that to which he is entitled
for even fifty years unaffected by the statute of limita-
tions, thereby rendering it a dead letter. In such a
construction of the statute we cannot concur." See,
also, to the same effect, *Baker* v. *Johnson County*, 33 Iowa,
151. If the facts stated in the complaint in the case at
bar constitute a cause of action, they constitute a cause
of action which accrued, and for which an action
might have been instituted, from fourteen to eighteen
years before the present complaint was filed. The
statute of limitations is intended to embrace all causes
of action not specially excepted from its operation;
and there is no exception applicable to the present
proceeding. *Bates* v. *Gregory*, 89 Cal. 387, was an ap-
plication for a writ of mandate to compel the trustees
of the city of Sacramento to do certain acts; the defend-
ants therein set up the statute of limitations; and this
court said: " A municipal corporation has the legal right
to avail itself of the defense of the statute of limitations
as fully as any other creditor. It is a privilege personal
to the debtor, and whenever *in any legal proceeding* it is
invoked by the debtor the court is compelled to recog-

nize it as a proper defense. This defense is pleaded in the present proceeding, and, as we have before shown, is sustained by the facts, and must therefore be held sufficient." Appellant relies greatly on *Freehill* v. *Chamberlain*, 65 Cal. 603; but that case is not pertinent to the case at bar. That case was simply mandamus to the treasurer of the city of Sacramento to compel him to pay the interest on certain bonds. Those bonds had been issued by the city under the act of April 24, 1858 (Statutes of 1858, p. 280), which has frequently been held by this court to constitute an express contract between the city and the bondholders, by which the latter were prohibited from suing the city, and were to rely exclusively upon a certain special fund distinct from the general fund and from all other funds of said city. The only remedy which the bondholders had was mandamus against the city treasurer to compel him to pay the interest on the bonds when there was money in the fund to which they could alone look under their special contract; and all that the court decided in *Freehill* v. *Chamberlain* was that no cause of action in mandamus against said treasurer had accrued until there was money in said fund, and that consequently the statute of limitations did not commence to run while there was no money in said fund with which the treasurer could pay said interest. It was not a proceeding which might have been commenced fifteen years before it was instituted.

The judgment is affirmed.

HENSHAW J., and TEMPLE, J., concurred.

Hearing in bank denied.