[S. F. No. 4524. In Bank.—August 9, 1906.]

E. E. ELLIOTT, Petitioner, v. GEORGE C. PARDEE, Governor, etc., Respondent.

MUNICIPAL CORPORATION—NON-USER OF FRANCHISE—LACHES NO BAR TO MANDAMUS.—The doctrine of laches and limitation as a bar to *mandamus*, is inapplicable to the non-user of the franchise of a municipal corporation which does not affect its existence, where the object of the *mandamus* proceeding is to compel the election of its officers as provided by statute.

ID.—MANDAMUS TO GOVERNOR—STATUTORY AND MINISTERIAL DUTY.—So long as a municipal corporation of the sixth class exists and fails to elect officers, the requisite number of its electors are entitled, under the act of March 14, 1885, to petition the governor to appoint election commissioners to provide for an election. Though the

governor has the right to pass upon the truth of the petition, it is his ·statutory duty to do so, and if he finds the petition to be true, it is his ministerial duty to appoint the commissioners, and if he refuses to act in any manner upon the petition he may be compelled by *mandamus* to perform his statutory and ministerial duty.

APPLICATION for Writ of Mandate to the Governor of the State.

The facts are stated in the opinion of the court.

Edward F. Sherer, and Emmet H. Wilson, for Petitioner.

U. S. Webb, Attorney-General, for Respondent.

BEATTY, C. J.—This is an original proceeding in *mandamus* to compel the governor to appoint a board of election commissioners to reorganize the city of Compton, pursuant to the requirements of the act of March 14,. 1885, entitled "An act to enable municipal corporations of the sixth class to elect officers." (Stats. 1885, p. 136.) By section 1 of that act it is provided that whenever a corporation of the sixth class shall have failed from any cause to elect officers in accordance with its charter and there are no officers to carry on the city government or call an election, the governor, upon presentation of a verified petition of not less than seventy-five electors of the corporation, setting forth certain particulars, is authorized and empowered, upon being satisfied of the truth of the matters so set forth, to appoint three persons as commissioners of election for said corporation. The following sections of the act define the duties of the commissioners, which are, in brief, to call a special election, give due notice of its date and of the polling-places, appoint election officers, canvass the returns, and induct the persons chosen to fill the various municipal offices,—in short, to do everything necessary to set the corporation going again.

By the petition filed in this proceeding it is alleged that a municipal corporation of the sixth class was organized in 1888 under the name of the city of Compton; that it has for a number of years been without officers; that the governor has been petitioned to appoint election commissioners and has refused to act. Upon the filing of the petition an alternative

writ of mandate was issued, in response to which the governor presents a demurrer and answer. He demurs, generally upon the ground that the facts alleged in the petition are not sufficient to entitle the petitioner to any relief, and more specifically upon the ground that the proceeding is barred by the statute of limitations. By his answer he puts in issue several of the material allegations of the petition. The parties have stipulated, and the court has consented to a separate submission of the demurrer, leaving the issues of fact to future determination in case of an adverse ruling upon the demurrer.

It appears from the petition that Compton was duly incorporated as a city of the sixth class in May, 1888; that in April, 1890, five trustees, a clerk, a treasurer, and a marshal were duly elected, and that they qualified and assumed the duties of their respective offices; that no election of officers has since been held; that two of the five trustees are dead, and two have been non-residents of the city for many years, leaving only one at present residing within the corporate limits; that about the third day of January, 1891, all of the city officers wholly ceased to perform, and have never since resumed the performance of, their respective duties. That in September, 1890, a pretended election was held at which an attempt was made to submit to the electors of the city a proposition to exclude certain of its territory, and that a majority voted in favor of such exclusion; that in January, 1891, another pretended election was held, at which the electors were invited to vote upon a proposition to exclude another large portion of the city's territory, and that a majority again voted in favor of the exclusion; that both of said elections were void because of the failure of the trustees in many particulars to observe the requirements of the statutes regulating special elections, and for the further reason that the proposition submitted at the first election was to exclude more than half of the area and nearly three fourths of the population of the city, thus practically destroying the corporation, and because the proposition submitted at the second was to exclude more than three fourths of what remained of the territory of the city after the first exclusion, leaving as a final residuum only one tenth of its original territory and not more than five electors.

It is further alleged that the real purpose of these proceed-

ings was to disincorporate the city under the pretense of excluding territory.

The remainder of the petition sets forth the steps taken by the petitioner in conjunction with more than seventy-five other citizens, residents, householders and freeholders of Compton, to induce the governor to appoint election commissioners, and his refusal to act upon their verified petition. It is not necessary to set forth in detail the steps so taken, because it is not denied that the petitioners proceeded regularly under the statute. The questions raised by the demurrer relate not to the regularity of the steps taken by the citizens of Compton to induce action by the governor, but to their right to invoke his action at all after so many years of non-user of the corporate franchise, and to the right of the court to review the decision of the chief executive of the state upon a matter which, as counsel contends, has been committed to his discretion.

As to the statute of limitations there can be no doubt that it may be pleaded as a bar to the proceeding by *mandamus*, and there remains equally little doubt that the right to demand performance of official duties may be lost by delay in making the demand. (*Barnes* v. *Glyde*, 117 Cal. 1, [48 Pac. 804].) But this doctrine of laches cannot be applied in such a case as the present. It is clear, and apparently is conceded, that all the proceedings taken for the purpose of excluding territory of the city of Compton were utterly void; and a municipal corporation does not lose its existence by *non-user* of its franchise. (*Swampland District* v. *Silver*, 98 Cal. 54, [32 Pac. 866].) The city of Compton, therefore, still exists and includes the same territory that it embraced at the date of its original organization. As such municipal corporation its right to have officers continues, and so long as that right continues there is a constantly recurring right to petition for the appointment of election commissioners, which may be exercised whenever seventy-five qualified electors are able to unite in taking the necessary measures to that end. They have now, according to the allegations of the petition, done everything that the statute requires to be done in order to authorize and empower the governor to act.

In such case can the governor refuse to act?

The statute provides that "Upon the presentation of the

petition to the governor he may either act upon the petition or require additional evidence of the matters set forth in the petition. Upon being satisfied of the truth of the matters set forth in the petition, the governor is authorized and empowered to appoint three persons as commissioners," etc.

The governor must be satisfied of the truth of the matters set forth in the petition, and this means that he has the right to decide that question for himself. But if he is not satisfied by the verified petition he should give the petitioners a reasonable opportunity to supply the additional evidence which the case demands, and then make his decision. If the essential facts are not proved to his satisfaction, he may and ought to refuse to appoint the commissioners, but if they are proved, it is his duty to appoint. Power and authority conferred upon a public officer to perform an act not discretionary, in which the public or third parties have an interest, make the exercise of the power obligatory whenever a proper case for its exercise is presented, and *mandamus* will issue even to the chief executive of the state to compel the exercise of a ministerial function defined by statute. (*Harpending* v. *Haight,* 39 Cal. 189, [2 Am. Rep. 432].)

In this case the duty imposed upon the governor to decide upon the truth of the petition, and, if he finds it true, to appoint commissioners, is statutory and ministerial. He cannot refuse to act in any way upon the petition of the electors of Compton, as it is alleged he has done.

The demurrer to the petition is overruled, and counsel are requested to specify the issues of fact which they desire to have tried.

Sloss, J., Lorigan, J., Shaw, J., and Angellotti, J., concurred.