[Civ. No. 1011. First Appellate District.—June 1, 1912.]

GEORGE W. WITTMAN, Appellant, v. BOARD OF POLICE COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO, etc., et al., Respondents.

POLICE DEPARTMENT OF SAN FRANCISCO—DISMISSAL OF CHIEF OF POLICE FOR DERELICTION IN DUTY FROM DEPARTMENT—MANDAMUS AFTER THREE YEARS—BAR OF STATUTE.—Where a chief of police of the city and county of San Francisco was found by the board of police commissioners guilty of dereliction in duty, and was dismissed both from the office of chief of police and from the department, and after the lapse of three years, he for the first time made a demand for reinstatement as a captain of police, which demand was refused, the statute of limitations had run against such demand, and it will not support a writ of mandate to compel such reinstatement. If his contention as to the illegality of his dismissal from the department is well founded, he could immediately upon his dismissal have perfected his right to the remedy by mandate by making his demand for reinstatement or assignment to duty as captain of police.

ID.—RULE AS TO DEMAND AS CONDITION PRECEDENT TO LEGAL RELIEF—ACCRUAL OF CAUSE OF ACTION—RUNNING OF STATUTE OF LIMITATIONS.—It is a recognized rule that, where a right has fully accrued, except for some demand to be made as a condition precedent to legal relief, which the claimant can at any time make if he so chooses, the cause of action has accrued for the purpose of setting the statute of limitations running. The claimant cannot indefinitely prolong his right to enforce his claim by neglecting to make the demand until it suits his convenience to do so.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco denying an application for a writ of mandate. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

H. M. Owens, Frank H. Gould, and J. J. Dunne, for Appellant.

Percy V. Long, City Attorney, and John T. Nourse, Assistant City Attorney, for Respondents.

HALL, J.—This is an appeal from a judgment denying plaintiff's petition for a peremptory writ of mandate, commanding the defendants to restore and assign petitioner to duty as captain of police of the city and county of San Francisco.

Defendants pleaded among other things, as a defense to plaintiff's action, that the same was barred by the provisions of section 338, subdivision 1, of the Code of Civil Procedure. The court made findings of fact in accordance with this contention of defendants, and entered judgment for defendants. It is this finding of the court that presents the only point necessary to be decided upon this appeal.

Appellant was appointed a member of the police department of the city and county of San Francisco in 1885, and subsequently, on the thirty-first day of July, 1895, he was appointed a captain of police of said city and county.

On the twenty-first day of November, 1901, he was regularly appointed chief of police of said city and county.

On the fifteenth day of February, 1905, charges were preferred against him as such chief of police to the board of police commissioners, which were heard and examined by said commissioners, who found him guilty thereof; and thereupon, on the twenty-fourth day of March, 1905, adopted a resolution in the words following, to wit: "Resolved, that George W. Wittman be, and he is hereby dismissed as chief of police of the police department of the city and county of San Francisco and as a member of said department." And since said date defendants have not recognized or treated appellant as a member of the police department.

On the twentieth day of March, 1908, appellant demanded of defendants, the board of police commissioners of said city and county, that they assign appellant to duty as a captain of police, which demand they refused.

This proceeding to compel defendants to comply with such demand was instituted by the filing of a petition in the superior court for a writ of mandate on the ninth day of April, 1908, which was more than three years after appellant's formal dismissal from the department, but less than one month from the date of his demand to be assigned to duty as such captain of police.

Although the petition in form asks that the board be compelled to assign petitioner to duty as captain of police, the effect of granting the writ prayed for would be to reinstate petitioner in an official position from which he was formally, if not legally, dismissed more than three years before the institution of this action.

The contention of appellant is that the statute of limitations did not commence to run against appellant's cause of action until he made the demand on the twentieth day of March, 1908. The argument is that because, in a petition for a writ of mandate to enforce a private right, it is necessary to allege a demand and refusal, no cause of action in mandate exists until such demand and refusal, and therefore the statute does not begin to run until the date of such demand and refusal.

We cannot accede to this view of the law as applied to the facts of this case.

Appellant was in form dismissed from the department on the twenty-fourth day of March, 1905, and ever since has been debarred from exercising any of the functions of a member of the department. For reasons not now necessary to be discussed, he claims that such attempted dismissal was illegal and void, and did not have the effect to remove him from his position of captain of police. It is the dismissal from the department that really lies at the bottom of appellant's cause of action. It is this alleged wrong that he seeks to have redressed by the action of the court invoked more than three years after its commission. The denial of his right to hold a position in the police department occurred when he was formally dismissed by the board of police commissioners from the department. This dismissal occurred at a definitely fixed time, and was an unequivocal denial of his right to longer hold the position of captain of police or any other position in the department. If his contention as to the illegality of such dismissal is well founded, he could immediately upon his dismissal have perfected his right to the remedy by mandate by making his demand for reinstatement or assignment to duty as such captain of police.

These considerations bring the case within the rule followed and recognized in many cases, that where a right has fully accrued except for some demand to be made as a condition precedent to legal relief, which the claimant can at any time

make, if he so chooses, the cause of action has accrued for the purpose of setting the statute of limitations running: (*Palmer* v. *Palmer,* 36 Mich. 487, [24 Am. Rep. 605]; *Harrigan* v. *Home Life Co.,* 128 Cal. 531, 548, [58 Pac. 180, 61 Pac. 99]; *Union Sav. Bank of San Jose* v. *Leiter,* 145 Cal. 696, [79 Pac. 441]; *San Luis Obispo* v. *Gage,* 139 Cal. 398, [73 Pac. 174]; *Barnes* v. *Glide,* 117 Cal. 1, [59 Am. St. Rep. 153, 48 Pac. 804].)

Otherwise, as is pointed out in the cases above cited, he might indefinitely prolong his right to enforce his claim or right by neglecting to make the demand until it suited his convenience so to do.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.