[Civ. No. 13087. Second Dist., Div. Two.—June 27, 1941.]

HERMAN W. BENTE, Respondent, v. DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and George William Adams and Louis A. Babior, Deputies City Attorney, for Appellants.

Loren A. Butts for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in a declaratory relief action by which plaintiff sought to have it declared that he was blanketed into the civil service of respondent city as an "auto machinist", because of the provisions of section 121 of the charter of respondent city adopted July 1, 1925 (Stats. [1925] 1069), defendants appeal.

The essential stipulated facts are:

February 20, 1920, plaintiff was employed by Board of Public Service Commissioners to perform the duties of the position of "auto machinist" in the Department of Public Service, the predecessor in interest of the present Department of Water and Power. This position had been duly created by the Board of Public Service Commissioners and included in the classified civil service of defendant city for more than six months prior to July 1, 1925, the effective date of the present charter of defendant city, which contains section 121, hereinafter set forth *in haec verba.*

Plaintiff from February 20, 1920, at the request and with the full knowledge and consent of his superiors in the Department of Public Service, and later its successor in interest, the Department of Water and Power, performed in a capable and satisfactory manner the duties of auto machinist.

Section 121 of the present city charter of defendant city, so far as material here, reads as follows:

"Sec. 121. All officers and employees who, at the time of taking effect of this article, would be included in the classified civil service, and who shall have been continuously in the service of the city for a period of six months prior to the adoption of this article, shall be deemed to have the necessary qualifications required by the provisions hereof, and shall retain their respective positions until removed for cause, as provided herein . . . " (Stats. [1925] 1024, 1069.)

This is the sole question for us to determine:

*Was plaintiff blanketed into the classified civil service of defendant city under and pursuant to the provisions of section 121, supra, of the present charter of the city of Los Angeles?*

This question must be answered in the affirmative. So far as material in the instant case, under the provisions of section 121, *supra,* each of the following conditions must exist for an employee to be blanketed into the civil service system of defendant city, to wit:

1) The position which he seeks must be a position included in the classified civil service of defendant city;

2) Such employee must have been continuously in the service of the city for a period of six months prior to July 1, 1925.

In the present case it is conceded that the position of auto machinist is one included in the "classified civil service" of defendant city. Therefore, the first element exists. It is also stipulated that plaintiff performed the duties of the position of auto machinist for defendant city continuously for more than six months immediately prior to July 1, 1925. It is the established law of California that the controlling feature in determining the position held by an employee is the nature of the duties which he performs, while the name attached to the position is immaterial (*Barry* v. *Jackson,* 30 Cal. App. 165, 170 [157 Pac. 828]).

Service is defined as "the act of serving; labor performed in the interest and under the direction of others; the work of a servant" (Funk and Wagnalls Practical Standard Dictionary [1938] 1036). It is therefore evident that plaintiff was "in the service of" defendant city. Both elements prerequisite to plaintiff's being blanketed into the civil service of defendant city are present in the instant case. Thus, since he falls within the terms of the statute, it is immaterial whether his original employment was legal or not; and, therefore, having met the requirements of section 121, the trial court properly decreed that plaintiff was blanketed into the classified civil service of defendant city.

Numerous cases from other jurisdictions cited by defendants are factually different from the instant case, for example *People* v. *Chew,* 158 Colo. 158 [187 Pac. 513]. The provisions there involved provided for the blanketing into the civil service of "all persons holding positions in the classified service . . . " As pointed out above, our charter provision reads, "all persons . . . in the service of the city." It would serve no useful purpose to here differentiate each of the cases from other states from that upon which defendant relies. Suffice it to say that they are not here in point.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 25, 1941. Shenk, J., voted for a hearing.