[Civ. No. 12981. Second Dist., Div. Two.—June 27, 1941.]

JOSEPH H. RUBIO, Appellant, v. BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Loren A. Butts for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and George William Adams and Louis A. Babior, Deputies City Attorney, for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in a proceeding to require defendant Civil Service Commissioners to allow him seniority credit from July 1, 1925, to and including December 16, 1935, as a "mechanic" in the Department of Water and Power of the city of Los Angeles, the successor in interest of the Department of Public Service of said city, plaintiff appeals.

The essential facts are these:

July 17, 1922, plaintiff was appointed to the position of mechanic in the Department of Public Service, the predecessor in interest of the Department of Water and Power of the city of Los Angeles. This position he held until July 1, 1923, when he was appointed to the position of "structural steel worker", which title was subsequently changed to "structural steel shop worker". This position had been duly created by the Board of Public Service Commissioners and included in the classified civil service of defendant city for more than six months prior to July 1, 1925, the effective date of the present charter of defendant city, which contains section 121, hereinafter set forth *in haec verba*.

Plaintiff from July 1, 1923, at the request and with the full knowledge and consent of his superiors in the Department of Public Service, and later its successor in interest, the Department of Water and Power, performed in a capable and satisfactory manner the duties of structural steel shop worker.

Section 121 of the present city charter of defendant city, so far as material here, reads as follows:

"Sec. 121. All officers and employees who at the time of taking effect of this article, would be included in the classified civil service, and who shall have been continuously in the service of the city for a period of six months prior to the adoption of this article, shall be deemed to have the necessary qualifications required by the provisions hereof, and shall retain their respective positions until removed for cause, as provided herein . . . "

This is the sole question for us to determine:

*Was plaintiff blanketed into the classified civil service of defendant city under and pursuant to the provisions of section 121, supra, of the present charter of the city of Los Angeles?*

This question must be answered in the affirmative, for the reasons stated in *Bente* v. *Department of Water and Power,* No. 13087 [*ante,* p. 589 (114 Pac. (2d) 699)], which we have this day decided.

For the foregoing reasons the judgment is reversed and the trial court is ordered to issue a writ of mandate as prayed.

Moore, P. J., and Wood, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 25, 1941. Shenk, J., voted for a hearing.