[Civ. No. 13088. Second Dist, Div. Two.—June 27, 1941.]

THOMAS C. LITTLE, Respondent, v. DEPARTMENT OF WATER & POWER OF THE CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and George William Adams, and Louis A. Babior, Deputies City Attorney, for Appellants.

Joseph Scott, J. Howard Ziemann and Cuthbert J. Scott for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in a declaratory relief action by which plaintiff sought to have it declared that he was blanketed into the civil service of respondent city as a "motor truck driver", because of the provisions of section 121 of the charter of respondent city adopted July 1, 1925 (Stats. 1925, p. 1069), defendants appeal.

The essential stipulated facts are:

January 28, 1924, plaintiff went to work as a laborer and later became a motor truck driver for defendant city and continuously performed services for such city until on or about March 25, 1938. This position had been duly created by the Board of Public Service Commissioners and included in the classified civil service of defendant city for more than six months prior to July 1, 1925, the effective date of the present charter of defendant city, which contains section 121, hereinafter set forth *in haec verba.*

Plaintiff from April 1, 1924, at the request and with the full knowledge and consent of his superiors in the Department of Public Service, and later its successor in interest, the De-

partment of Water and Power, performed in a capable and satisfactory manner the duties of motor truck driver.

Section 121 of the present city charter of defendant city, so far as material here, reads as follows:

"Sec. 121. All officers and employees who, at the time of taking effect of this article, would be included in the classified civil service, and who shall have been continuously in the service of the city for a period of six months prior to the adoption of this article, shall be deemed to have the necessary qualifications required by the provisions hereof, and shall retain their respective positions until removed for cause, as provided herein . . . ''

This is the sole question for us to determine:

*Was plaintiff blanketed into the classified civil service of defendant city under and pursuant to the provisions of section 121, supra, of the present charter of the city of Los Angeles?*

This question must be answered in the affirmative, for the reasons stated in *Bente* v. *Department of Water and Power*, No. 13087, *ante*, p. 589 [114 Pac. (2d) 699], which we have this day decided.

On the authority of the case just mentioned, the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 25, 1941. Shenk, J., voted for a hearing.