[Civ. No. 15239. Second Dist., Div. Two. Oct. 2, 1946.]

EDWARD F. LEAHEY, Respondent, v. DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, and A. L. Lawson, Deputy City Attorney, for Appellants.

Loren A. Butts for Respondent.

WILSON, J.—To obtain a declaratory judgment that respondent is entitled to have a civil service rating in the class of principal electrical engineer in the classified civil service of the city of Los Angeles instead of the rating of superintendent of electrical construction, and that he is entitled to occupy a position of the former class in the Department of Water and Power of said city, is the purpose of this action.

Section 121 of the city charter which took effect on July 1, 1925, insofar as applicable to the case, reads as follows: "All officers and employees who, at the time of taking effect of this Article, would be included in the classified civil service, and who shall have been continuously in the service of the city for a period of six months prior to the adoption of this Article, shall be deemed to have the necessary qualifications required by the provisions hereof, and shall retain their respective positions until removed for cause, as provided herein." (Stats. 1925, pp. 1024, 1069.)

Respondent was employed in 1921 as a superintendent of electrical construction in what was then known as the Department of Public Service, now designated as Department of Water and Power, and ever since said date has been employed under that designation. He alleges that on July 1, 1925, the effective date of the new charter, and for more than six months prior thereto, he had been assigned to duty as an electrical engineer, which was a position in the classified civil service of the city, and that he had the necessary qualifications for the position; that at all times since the adoption of the charter, and for more than six months prior thereto, he has performed the duties of said last named position, and no other; that the position of electrical engineer is now known as principal electrical engineer.

It is further alleged that after the decision of the District Court of Appeal on June 27, 1941, in the case of *Bente* v. *Department of Water & Power,* 45 Cal.App.2d 589 [114 P.2d 699], holding that persons employed by the city on the date on which the charter of 1925 became effective were blanketed into the classified civil service of the city, the civil service commission began a survey for the purpose of determining which employees of the Department of Water and Power, if any, were entitled to rights under section 121 of the charter which had not previously been recognized, and on October 3, 1944, the commission made a finding that respondent was not entitled to hold or occupy the position of electrical engineer. Alleging that an actual controversy exists concerning the rights acquired by him by reason of the quoted provisions of the charter, respondent sought and obtained a declaratory judgment that he is entitled to occupy the position designated as principal electrical engineer and to be paid the salary incidental to the position. Defendant commissions and the members thereof have appealed from the judgment.

Among other defenses appellants pleaded that the action is barred by the provisions of subsection 1 of section 338 of the Code of Civil Procedure, which limits the commencement of an action upon a liability created by statute to three years after the cause of action shall have accrued (§ 312), and section 343, prescribing a 4-year period for the commencement of actions for relief not otherwise provided for in the preceding sections of the code. Since we have concluded that this defense must be sustained it will not be necessary to determine any of the other points discussed in the briefs.

Appellants have not questioned the right of respondent to maintain an action for declaratory relief when another form of action will completely determine the rights of the parties. Assuming that a declaratory action is available to respondent (Code Civ. Proc., § 1060) nevertheless that form of redress is cumulative and not exclusive. (§ 1062.) He was afforded the alternative remedy of mandamus proceedings which may be invoked to compel the admission of a person to a position to which he is entitled and to which an administrative board has refused to admit him (Code Civ. Proc., § 1085; *Lotts* v. *Board of Park Comrs.,* 13 Cal.App.2d 625, 634 [57 P.2d 215] ; *Shannon* v. *City of Los Angeles,* 205 Cal. 366, 372 [270 P. 682]) and generally to require administrative agencies to perform acts which the law requires of them. (*Bodinson*

*Mfg. Co.* v. *California Employment Com.,* 17 Cal.2d 321, 329 [109 P.2d 935] and cases cited.)

■ The purpose of section 1060 of the Code of Civil Procedure is to provide a ready and speedy remedy "in cases of actual controversy relating to the legal rights and duties of the respective parties." (*Welfare Inv. Co.* v. *Stowell,* 132 Cal.App. 275, 278 [22 P.2d 529].) The qualification that the alternative remedy must be speedy and adequate (see *Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 732 [146 P.2d 673, 151 A.L.R. 1062] ; *Henderson* v. *Oroville-Wyandotte Irr. Dist.,* 207 Cal. 215, 216 [277 P. 487]) is rendered innocuous by the fact that the relief supplied by section 1060 is no more adequate and no speedier than that which may be had under a petition for a writ of mandate. In fact the judgment in this case declares that "plaintiff is entitled" to certain relief and that "it is the duty of defendants" to do certain things, whereas in a mandamus proceeding defendants would have been commanded to perform the duties which the court determined should be performed.

■ Since respondent had three options: (1) To seek a declaratory judgment of his rights under said section 1060, or (2) to apply for a writ of mandate to compel the civil service commission to classify him as principal electrical engineer and the Department of Water and Power to assign him to such position and to pay him the appropriate salary, or (3) to seek both forms of relief concurrently, he cannot avoid the effect of the statute of limitations relevant to mandamus proceedings by seeking declaratory relief only. The availability of declaratory relief "would seem to suggest that the ability to maintain a suit therefor is not the criterion for determining when the statute of limitations commences to run against an action of that nature. . . . We are of the opinion that the period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief. Thus, if declaratory relief is sought with reference to an obligation which has been breached and the right to commence an action for 'coercive' relief upon the cause of action arising therefrom is barred by the statute, the right to declaratory relief is likewise barred." (*Maguire* v. *Hibernia S. & L. Soc., supra.*)

■ Civil actions must be commenced within the periods prescribed in the code, "after the cause of action shall have accrued." (Code Civ. Proc., § 312.) The word "action," as

used with reference to the code provisions limiting the time for the commencement of actions, includes special proceedings of a civil nature. (Code Civ. Proc., § 363; *Barnes* v. *Glide*, 117 Cal. 1, 6 [48 P. 804, 59 Am.St.Rep. 153].) The term "accrue" means: "To come into existence as an enforceable claim; to vest as a right; as, a cause of action has *accrued* when the right to sue has become vested." (Webster's New International Dictionary.) A cause of action *accrues* when a suit may be maintained thereon, and the statute of limitations begins to run at the date of *accrual*. (*Dillon* v. *Board of Pension Comrs.*, 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800]; *Osborn* v. *Hopkins*, 160 Cal. 501, 506 [117 P. 519, Ann. Cas. 1913A 413].) ■ An application for a writ of mandate to compel the reinstatement of a public official who has been dismissed is barred by the statute unless the proceeding is commenced within three years after the dismissal. (Code Civ. Proc., § 338, subd. 1; *Curtin* v. *Board of Police Comrs.*, 74 Cal.App. 77, 82 [239 P. 355]; *Jones* v. *Board of Police Comrs.*, 141 Cal. 96, 98 [74 P. 696]; *Wittman* v. *Board of Police Comrs.*, 19 Cal.App. 229, 231 [125 P. 265]; *Hermanson* v. *Board of Pension Comrs.*, 219 Cal. 622, 624 [28 P.2d 21].)

■ A declaratory action is governed by the same limitations as are applicable to other forms of relief. (*Monahan* v. *Dept. of Water & Power*, 48 Cal.App.2d 746, 751 [120 P.2d 730].)

■ The nature of the right sued upon, and not the form of the action or the relief demanded, determines the applicability of the statute of limitations. (*Maguire* v. *Hibernia S. & L. Soc.*, *supra*; *Bell* v. *Bank of California*, 153 Cal. 234, 243 [94 P. 889]; *Banks* v. *Stockton*, 149 Cal. 599, 602 [87 P. 83].) Respondent is endeavoring to enforce a liability claimed to have been created in his favor by the city charter, save for the existence of which no relief would be possible and this action would not have been brought. ■ A charter is a statute of the state (*Stern* v. *City Council*, 25 Cal.App. 685, 688 [145 P. 167]; *C. J. Kubach Co.* v. *McGuire*, 199 Cal. 215, 217 [248 P. 676]; *Whitmore* v. *Brown*, 207 Cal. 473, 481 [279 P. 447]) and an action thereunder is governed accordingly.

■ Respondent's right, if any he had, to the classification now claimed by him accrued, if at all, on July 1, 1925, when the new charter became effective. He was then classified as superintendent of electrical construction, and if, notwithstanding such classification, he had been performing the duties of

electrical engineer and was entitled to be classified under the latter designation such right accrued and was acquired by reason of the charter and upon its effective date. Without complaint or protest he continued in his former classification until 1941, when the survey was begun by the civil service commission, resulting in its refusal to reclassify him. At any time during that period of 16 years he could have demanded a reclassification and could have maintained an appropriate proceeding for the purpose of determining and enforcing the rights to which, during that entire period, he asserts he was entitled.

Whether an action for declaratory relief is an equitable proceeding or an action at law the statute of limitations is pertinent. Respondent cites *Salada Beach etc. Dist.* v. *Anderson*, 50 Cal.App.2d 306, 308 [123 P.2d 86], wherein it is said that the statute does not begin to run against the right to an action for declaratory relief until an actual controversy has *accrued* or occurred. There can be no assumption in the instant case, as there was in the Salada Beach case, that the controversy did not arise until shortly before the commencement of the action. The facts pleaded in the complaint at bar show conclusively that the controversy *accrued* upon the effective date of the charter.

There could have been no actual controversy between respondent and appellants until he had made a claim or presented a demand to the city officials and they had refused to recognize it. Whatever right he may have had having fully accrued in 1925, he could not postpone his action and escape the operation of the statute of limitations indefinitely either by failing to demand what he claims was his due (*Wittman* v. *Board of Police Comrs.*, 19 Cal.App. 229, 231 [125 P. 265]; *County of San Luis Obispo* v. *Gage*, 139 Cal. 398, 408 [73 P. 174]; *Barnes* v. *Glide*, 117 Cal. 1, 8 [48 P. 804, 59 Am.St. Rep. 153]) or by a general affirmation of ignorance for 16 years of the effect of the statute (the city charter) with relation to the subject involved (his right to reclassification). (*Yasunaga* v. *Stockburger*, 43 Cal.App.2d 396, 401 [111 P.2d 34].) ■■■ An assertion of ignorance of one's rights at one time and of knowledge at another will not operate to toll the statute. (*Wood* v. *Carpenter*, 101 U.S. 135, 140 [25 L.Ed. 807, 808]; *Easton* v. *Geller*, 116 Cal.App. 577, 580 [3 P.2d 74]; *Phelps* v. *Grady*, 168 Cal. 73, 78 [141 P. 926].)

■■■ Respondent attempted to plead around the statute of

limitations by alleging that the rights derived by employees in the Department of Water and Power by virtue of section 121 of the charter, including his own rights, were not determined until the decision in *Bente* v. *Department of Water & Power, supra,* 45 Cal.App.2d 589, and that after that decision the civil service commission made a survey for the purpose of determining which employees of the city were entitled to rights under that section. This allegation does not exculpate him for his failure to assert his own rights by making a demand therefor on the appropriate officers or commissions of the city, and, if his demand had been refused, by pursuing his remedy in court without delay. For 16 years prior to the decision in the Bente case his situation and his classification remained the same and he offers no excuse for having failed during that period to prosecute an action in his own behalf similar to that brought by Bente.

Judgment reversed with directions to enter judgment in favor of defendants.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 25, 1946. Carter, J., and Schauer, J., voted for a hearing.