203 P.2d 1009

## STATE ex rel. BROOKS v. OVERLAND BEVERAGE CO., Inc., et al.

No. 7459.

Supreme Court of Idaho.

March 10, 1949.

W. H. Langroise and W. E. Sullivan, both of Boise, for appellant.

Karl Paine, Edwin Snow and Walter M. Oros, all of Boise, for respondents.

Act of Idaho on June 13, 1933. The articles recited, among other provisions, "that the amount of authorized capital stock of this corporation shall be $250,000.00 divided into 2500 shares of common stock of the par value of $100.00 per share, which shall be non-assessable."

Under date of April 16, 1934, the corporation issued to Mrs. Geo. C. Fish its certificate No. 67 for five shares of its stock, which certificate bore upon its face the words "fully paid" and "non-assessable."

On October 27, 1937, Mrs. Fish, then being the owner thereof, sold these five shares of stock to appellant, Chas. E. Brooks, and indorsed and delivered the above mentioned stock certificate to him.

On March 7, 1940, at a meeting of the stockholders of the corporation, duly called, and with more than two-thirds of the voting power of all shareholders present in person or by proxy, the articles of incorporation of respondent corporation were, by unanimous vote of those present, amended so as to authorize the levying of stock assessments. The appellant failed to attend this meeting in person or by proxy, although he and his assignor, Mrs. Geo. C. Fish, were duly notified thereof in the manner provided by the Business Corporation Act. Shortly thereafter the Board of Directors of respondent corporation made an order levying a stock assessment of $4.00 per share on all of its issued and outstanding stock for the purpose of paying expenses, conducting business and paying debts of

SUTPHEN, District Judge.

This action was submitted to the trial court upon a stipulation as to the facts, and there is no dispute in that respect. Briefly, in chronological order, the respondent Overland Beverage Co., Inc. was incorporated under the Business Corporation

the corporation. On April 30, 1940, pursuant to such order, the five shares of stock evidenced by certificate No. 67 were sold to respondent corporation to pay delinquent assessments thereon together with costs of advertising.

On May 1, 1945, appellant delivered to respondent corporation's secretary stock certificate No. 67 and requested the transfer of the five shares of stock evidenced thereby to appellant upon the books of the corporation and that appellant be issued a new certificate. The respondent corporation and its officers refused and still refuse to meet appellant's request, and on June 25, 1946, appellant brought this action in mandamus to compel respondent and its proper officers to make the requested transfer upon the books of the corporation and issue to appellant a new certificate for five shares of its stock.

The respondent corporation, in its answer, set up the statute of limitations as a defense, and also alleged the appellant was guilty of laches, and at the trial not only contended that the action was barred by the statute of limitations and by laches, but also contended that the sale of the five shares of stock to the respondent corporation for delinquent assessments was valid and that appellant, by his failure to object to the corporate action of respondent corporation in amending its articles of incorporation so as to render its capital stock assessable, and by his failure to demand payment for his shares as provided in Sec. 29-149, I.C.A., waived his right subsequently to object to such corporate action and also his right to question the power of respondent corporation to levy the assessment upon his stock and to sell the stock for appellant's delinquency in payment thereof.

The trial court in its findings of fact and conclusions of law found in favor of the respondent corporation on all of such contentions, and by its judgment adjudged that this appellant take nothing by reason of the proceedings and dismissed the case.

On appeal we properly should direct our attention first to the question as to whether this proceeding is barred by one or more of the statutes of limitations plead as a defense by the respondent.

Among the statutes plead by respondent as a bar to this cause of action are Sec. 5-216, I.C.A., which is the five year limitation on an action upon any contract, obligation or liability founded upon an instrument in writing; Sec. 5-217, I.C.A., which is the four year limitation on an action upon a contract, obligation or liability not founded upon an instrument in writing; Sec. 5-218, I.C.A., which is the three year limitation on actions for statutory liabilities, trespass, trover, replevin and fraud; and Sec. 5-224, I.C.A., which is a four year limitation on an action for relief not theretofore found in the chapter on limitations.

Appellant contends that his cause of action is not barred by any of the provisions of the code above referred to. His first

contention in this regard being that respondent's attempt to levy an assessment upon appellant's stock and the subsequent sale thereof for alleged delinquency were wholly void, and that time does not confirm a void act. Appellant relies upon State v. State Board of Land Commissioners, 109 Mont. 127, 94 P.2d 201. That case involved a sale of state lands where the sale was not in accordance with the provisions of the Montana Constitution, and it does not appear that the defense of the statute of limitations was plead. However, it is quite clear that the sale there in question was in contravention of the Constitution and void and is distinguishable from a voidable sale.

◼ Generally, where corporate stock is wrongfully sold, the sale, even if illegal, is voidable, but not void, 13 Fletcher Cyclopedia Corporations, Sec. 6639, and no one but the owner of the stock, or the pledgee, if it is pledged, can complain. Duke v. California Inv. Co. et al., 132 Wash. 23, 231 P. 20.

Assuming for the purpose of the question just now under consideration, but not deciding, that the assessment and sale of the stock evidenced by stock certificate No. 67 was illegal, it would in such case appear under the facts before us that the illegal assessment and sale was not void but voidable. The appellant could have consented or acquiesced in the assessment and sale and thus rendered it valid, and he appears to have been the only person who could properly complain of the alleged illegal act of the corporation in levying the assessment and selling the stock in question.

Appellant next contends that in view of the rule that before a writ of mandate will issue there must be a demand and refusal, Pfirman v. Success Mining Company, Ltd., 30 Idaho 468, 166 P. 216, his cause of action did not accrue until he made his demand upon the secretary of the respondent corporation for the transfer of the stock to him on May 1, 1945, and respondent's refusal. Counsel for appellant, in support of this contention, submit the following quotation from 34 Am.Jur., Limitations of Action, Sec. 116:

"Where some condition precedent to the right of action exists, whether it is a demand and refusal or some other act or contingency, the cause of action does not accrue, and action thereon cannot properly be commenced; nor does the statute of limitations begin to run until that condition is performed."

It is to be noted, however, that the section above quoted later has this to say:

"The rule that the plaintiff's cause of action has not accrued so as to start the statute of limitations running unless all facts exist so that the plaintiff can allege a complete cause of action is subject to the exception that if the only act necessary to perfect the plaintiff's cause of action is one to be performed by the plaintiff, and he is under no restraint or disability in the performance of such act, he cannot indefinitely

suspend the statute of limitations by delaying performance of that act."

In Prescott v. Gonser, 34 Iowa 175, at page 179, the Supreme Court of Iowa said:

"That the action of mandamus cannot be maintained until there has been a refusal to perform the official duty sought to be enforced is true, but to hold that a plaintiff, who has a right to demand performance at any time, may delay such demand indefinitely, would enable him to defeat the object and purpose of the statute. It is certainly not the policy of the law to permit a party, against whom the statute runs, to defeat its operation, by neglecting to do an act which devolves upon him, in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the statute in all cases of this character. He could neglect to claim that to which he is entitled, for even fifty years unaffected by the statute of limitations, thereby rendering it a dead letter. In such a construction of the statute we cannot concur."

In Barnes v. Glide, 117 Cal. 1, 48 P. 804, 806, 59 Am.St.Rep. 153, the Court said before quoting the foregoing from Prescott v. Gonser, supra:

"The position cannot be successfully maintained that no action could be commenced until a demand had been made by plaintiff upon the defendants to act. Whether such demand be necessary in a case like the present, it is not necessary to determine, for the demand itself was an act within the power of the plaintiff."

In 54 C.J.S., Limitation of Actions, § 201 c (2), page 212, we find:

"Where the demand is a preliminary step referring only to the remedy and not to the right, the action will be barred if the demand is not made within the statutory period."

In the case of Wittman v. San Francisco, 19 Cal.App. 229, 125 P. 265, 266, the California Court used the following language:

"* * * where a right has fully accrued, except for some demand to be made as a condition precedent to legal relief, which the claimant can at any time make, if he so chooses, the cause of action has accrued for the purpose of setting the statute of limitations running." See also Leahey v. Dept. of Water and Power of City of Los Angeles, 76 Cal.App.2d 281, 173 P.2d 69; Santa Cruz Portland Cement Co. et al. v. Young, 56 Cal.App.2d 504, 133 P.2d 32 and cases cited therein.

In the case of Irvine v. Bossen, 25 Cal. 2d 652, 155 P.2d 9, at page 13, the Supreme Court of California said:

"It is a fundamental principle in determining when the statute of limitation commences to run, that it runs from the time a cause of action accrues and it invariably accrues when there is a remedy available." Quoted and approved in Barlow v. City Council of City of Inglewood, 32 Cal.2d 688, 197 P.2d 721, at page 724.

In the case of Davidson v. Davidson, 68 Idaho ——, 188 P.2d 329, at page 332, in an action for conversion, this Court said:

"All the cases are agreed in this, that a right of action accrues in favor of the owner of goods as soon as they are wrongfully taken from his possession, or wrongfully converted. (Citing cases.) The rule seems to be that it is a wrongful taking that gives a right of action, and it is a wrongful holding for the required length of time, if openly and exclusively, that sets and keeps the statute in operation, and results in transferring title from the true owner to the tortious holder. '* * * the weight of authority is in favor of the proposition that where one has had the peaceable, undisturbed, open possession of personal property, with an assertion of his ownership, for the period which, under the law, would bar an action for its recovery by the real owner, the former has acquired a good title— that is, a title superior to that of the latter, whose neglect to avail himself of his legal rights has lost him his title. * * * It has been held that the fact that the origin of such possession may have been fraudulent does not prevent the possessor from acquiring title. * * *' 1 Am.Jur., sec. 96, pp. 845, 846."

In the instant case we think that if the respondent corporation had no legal right to assess appellant's five shares of stock as contended by him, then immediately upon the making of the illegal assessment, or as soon thereafter as appellant had knowledge thereof, appellant's cause of action accrued. Among his remedies he could have then sued for breach of the contract evidenced by certificate of stock No. 67, which purported on its face to be non-assessable, or he could have brought suit in equity to set aside the alleged illegal assessment or to restrain the sale of the stock for delinquency in payment of assessments. After the sale of the stock he could have sued in conversion or in equity to set the sale aside.

Six years and nearly two months elapsed between April 30, 1940, the date of the sale of the stock to respondent corporation, and June 25, 1946, the date appellant commenced this action. And as the facts show that the alleged illegal assessment was made some time prior thereto, there is no question but that even the longest period of limitation mentioned in the statutes plead by respondent had expired before the institution of the suit in this case. Consequently, the finding of the lower court that the statute of limitation had run against appellant's cause of action, if any, and its judgment of dismissal should be affirmed.

It therefore appears unnecessary to pass upon the other questions raised by counsel.

Judgment affirmed. Costs to respondents.

HOLDEN, C. J., GIVENS and PORTER, JJ., and SUTTON, District Judge, concur.