[Civ. No. 46101. First Dist., Div. One. Oct. 12, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH BARGER, Defendant and Appellant.

## COUNSEL

Hill & Hansen and Scott N. Hansen for Defendant and Appellant.

Richard J. Moore, County Counsel and Peter H. LaChapelle, Deputy County Counsel, D. Lowell Jensen, District Attorney, and William McKinstry, Senior Trial Deputy District Attorney, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, Acting P. J.**—Following his indictments, February 10, 1972, and June 14, 1972, for felonious offenses, defendant Ralph Barger's motion for appointment of private counsel at public expense was granted by the superior court. The court's order as here relevant provided: "Without prejudice, this Court now will appoint private counsel to represent the defendant, Ralph Barger, but likewise, the Court invokes the provisions of Section 987.8, Penal Code, and pursuant thereto, reserves to the trial court upon the conclusion of the criminal proceedings, . . ." Appointment of private counsel was thereupon made. Judgments of conviction were thereafter entered March 16, 1973, and May 1, 1973, upon which judgments Barger was sentenced to state prison.

No Penal Code section 987.8 proceedings were taken by the People, or anyone, until after Barger had served his sentences and on March 16,

1977, when the People filed in the above mentioned actions a "Request to recalendar matter for further proceedings pursuant to Penal Code § 987.8(a)." By that request section 987.8 was invoked. with a prayer "that defendant Barger be ordered to pay the entire costs of court-appointed counsel." Following a hearing the superior court granted the prayer, and judgments totaling $12,730 were entered in favor of the County of Alameda against Barger. Barger has appealed from the judgments.

■ Penal Code section 987.8, as in effect in 1972 and 1973,* provided:

"In any case in which a defendant is furnished counsel, either through the public defender or private counsel appointed by the court, *upon conclusion of the criminal proceedings in the trial court,* the court shall make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel. If the court determines that the defendant has the present ability to pay all or part of the cost, it shall order him to pay the sum to the county in any installments and manner which it believes reasonable and compatible with his financial ability. Execution may be issued on the order in the same manner as on a judgment in a civil action. The order shall not be enforced by contempt." (Italics added.)

The procedure provided by section 987.8 is either a civil action, or a special proceeding of a civil nature. (See Code Civ. Proc., §§ 22, 23, 312, 363.) Further, it will be noted that the People's (or County of Alameda's) claim against Barger was founded upon "a liability created by statute," i.e., Penal Code section 987.8. An action or special proceeding on such a claim must be commenced within three years (Code Civ. Proc., §§ 312, 338, 363; and see *Estate of Caravas,* 40 Cal.2d 33, 39-40 [250 P.2d 593]; *Leahey* v. *Dept. of Water and Power,* 76 Cal.App.2d 281, 285-286 [173 P.2d 69]; *Bold* v. *Board of Medical Examiners,* 133 Cal.App. 23, 25 [23 P.2d 826]) of the time that the statutory remedy becomes available (*Heyer* v. *Flaig,* 70 Cal.2d 223, 230 [74 Cal.Rptr. 225, 449 P.2d 161]; *Irvine* v. *Bossen,* 25 Cal.2d 652, 658 [155 P.2d 9]).

Here the People's (or county's) Penal Code section 987.8 remedy became available on May 1, 1973, "upon conclusion of the criminal proceedings in the trial court, . . ." The proceedings to effectuate that remedy were commenced March 16, 1977, more than three years later, at

---

*Penal Code section 987.8 was amended in 1974 and in 1978, with no substantial change insofar as the issues before us are concerned.

a time when the applicable statute of limitations (Code Civ. Proc., § 338) had run. It follows that the superior court's judgments were erroneously entered.

The judgments are reversed.

Newsom, J. and Grodin, J., concurred.