[Civ. No. 19251.   First Dist., Div. Two.   Feb. 27, 1961.]

UNION PAVING COMPANY (a Corporation), Appellant, v. CITY COUNCIL OF THE CITY OF SAN BRUNO, Respondent.

Everett S. Layman, Kenneth S. Carey, Everett S. Layman, Jr., and Arthur J. Lempert for Appellant.

Joseph A. Galligan, City Attorney, and Richard G. Logan for Respondent.

DRAPER, J.—This mandamus proceeding seeks to compel a city council to assess or reassess charges against city lots for payment of street paving costs.  The trial court denied peremptory writ.  Petitioner appeals.

By resolution of May 1, 1946, respondent city council au-

thorized the city engineer to enter into a contract with petitioner to perform street work in a designated area. The work was to be performed under the Improvement Act of 1911 and was to be charged against the lots benefited thereby (Sts. & Hys. Code, §§ 5000-6794). The contract was executed and petitioner substantially completed the work by February 25, 1948. On that day, the city engineer made and filed his assessment covering the sum total due for the work and distribution of such cost among the lots benefited (Sts. & Hys. Code, §§ 5360-5362). The city objected to the assessment (Sts. & Hys. Code, § 5366), asserting deficiencies in petitioner's performance. Hearing upon the protests was noticed for March 24, 1948. Petitioner did some corrective work, but refused to comply with other demands, and the city made these repairs. Also, petitioner paid only a portion of the incidental expenses (Sts. & Hys. Code, §§ 5024, 5374). Meanwhile, hearing upon confirmation of the assessment was continued from time to time by the council until it was dropped from the agenda about 1950.

Nothing more occurred until April 14, 1954, when petitioner's president appeared at a "caucus meeting" of the city council. He asked that the assessment be confirmed and bonds issued. The city attorney advised the council and petitioner that the statute of limitations barred the requested action, the council failed to act, and the city attorney advised petitioner's president that "his only recourse would be to have the matter adjudicated in the courts."

Once again inaction set in. Petitioner did nothing whatever to assert or press its claim until May 19, 1958, when petitioner demanded that the city council either approve and confirm the assessment (Sts. & Hys. Code, §§ 5367, 5369), or, in the alternative, issue a reassessment (Sts. & Hys. Code, §§ 5500-5503). On May 28 the council unanimously rejected the demand in its entirety. Petition for this writ of mandate was filed March 6, 1959.

Appellant impliedly concedes that its right to approval and confirmation of the 1948 assessment is barred. The argument is that the reassessment provisions, which clearly are designed to have an extensive curative effect, are broad enough to cover the inaction of the contractor himself. Thus, appellant says, reassessment may be had to relieve a contractor from the bar of the statute of limitations.

Appellant relies upon the statement that "the purpose

of the reassessment act is that land benefited by an authorized public work shall not escape the payment of its proportionate share of the expense thereof.'' (*Cowart* v. *Union Paving Co.,* 216 Cal. 375, 381 [14 P.2d 764, 83 A.L.R. 1185]). That decision also stresses the breadth of the statutory provision requiring reassessment when ''any assessment . . . is void or unenforceable for any cause'' (Sts. & Hys. Code, § 5500). Other cases are to the same effect (*Nelson* v. *Oro Loma Sanitary Dist.,* 101 Cal.App.2d 349 [225 P.2d 573]; *California Land Co.* v. *Town of Corte Madera,* 97 Cal.App. 393 [275 P. 866). It may be argued that the reassessment provisions were designed only to cure or avoid defects in the proceedings conducted by the city, rather than to save the contractor from the effect of his own indolence or disinterest in permitting the period of limitation to run. However, we find it unnecessary to determine whether the reassessment procedure is available where the assessment is barred by the statute of limitations, since we have concluded that the reassessment remedy itself is subject to time limitations.

Nothing in the code provisions indicates that the right to reassessment is free of all statutes of limitation. ▮ It would be most unusual to provide that the right to any procedural remedy is eternal, and wholly without time limitation. When the Legislature has intended that an action be exempt from limitation, it has said so in clear and unmistakable language (*Bogart* v. *George K. Porter Co.,* 193 Cal. 197, 201 [223 P. 959, 31 A.L.R. 1045]). The statutes here involved contain no language which can be construed to mean that the right of reassessment runs forever.

▮ On the contrary, it is clear that the right to reassessment is subject to the statute of limitations, and that the statute commences to run when the contractor could have made demand therefor (*Santa Cruz etc. Cement Co.* v. *Young,* 56 Cal.App.2d 504, 507 [133 P.2d 32]). Here the right to make such demand existed at least as early as April 14, 1954, when the city attorney and council informed petitioner's president that the assessment was barred by the statute, and that petitioner's only remedy was litigation. No demand for reassessment was made until May 19, 1958.

▮ A claimant cannot postpone the running of the statute by deferring his demand (*Dillon* v. *Board of Pension Commrs.,* 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800]) and this rule applies to proceedings in mandamus (*Barlow* v. *City Council of Inglewood,* 32 Cal.2d 688, 697 [197 P.2d 721]).

If this proceeding is deemed an action upon a liability created by statute, it must be commenced within three years (Code Civ. Proc., § 338, subd. 1; *Santa Cruz etc. Cement Co.* v. *Young, supra,* 56 Cal.App.2d 504). If it is an action upon written contract, (Code Civ. Proc., § 337; *County of San Luis Obispo* v. *Gage,* 139 Cal. 398, 405-406 [73 P. 174]) or an action for relief not otherwise provided for (Code Civ. Proc., § 343), it must have been brought within four years. Under any of these limitations, it was commenced too late.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.