[L. A. No. 14305. In Bank.—December 29, 1933.]

PAUL H. HERMANSON, Appellant, v. THE BOARD OF PENSION COMMISSIONERS OF THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Michael F. Shannon and Thomas A. Wood for Appellant.

Erwin P. Werner and Ray L. Chesebro, City Attorneys, Frederick von Schrader, Assistant City Attorney, and Robert J. Stahl and Loren A. Butts, Deputies City Attorney, for Respondents.

THE COURT.—This is a petition for a writ of mandate. Petitioner, while in the course of his duties as a member of

the fire department of the city of Los Angeles, was injured, and on February 25, 1925, was granted a pension of $1,020 per year, for disability. He received monthly payments until March, 1927, when, without notice to him and after examination by three practicing physicians, the respondent board concluded that his disability had ceased, and terminated the pension as of March 15, 1927. Petitioner was directed to report for active duty, and refused to do so. No demand for pension payments was made by him until over three years later, when, on April 17, 1930, he made such demand. Thereafter, on or about June 3, 1930, he commenced this proceeding in *mandamus* to compel respondents to make all payments which would have been made under the pension for the three-year period, and thereafter to continue payments indefinitely. The theory of petitioner is that the order terminating the pension was void because made without prior notice to him and opportunity for a hearing; and that the pension has been in existence during this whole period and is still in force.

The trial court found that subsequent to the order of termination petitioner was not wholly disabled from performing his duties, and that he was not entitled to the writ. Petitioner appealed.

Section 182 of the Los Angeles city charter, by an amendment made after petitioner's pension had been granted, provides that the Board of Pension Commissioners shall have power "to hear and determine all matters pertaining to the granting and termination of any pension award", and that the board shall make written findings, based upon the report of at least three physicians, "and such other evidence concerning such disability as it may have before it". Petitioner contends that under this section the board was exercising a judicial function, that "to hear and determine" meant to consider evidence on both sides, and that to proceed without notice to petitioner, and to terminate his pension without an opportunity for him to be heard constituted a deprivation of a vested right without due process of law.

Petitioner loses sight of the controlling provision of the charter, which reads: " . . . any pension . . . *shall cease when the disability or the result therefrom ceases.*" This provision was in the charter at the time he was given his pension. Its unequivocal language, considered together

with the finding of the lower court that the disability had ceased, is conclusive against petitioner. The charter does not provide that the pension shall continue until terminated by the board after notice and hearing; on the contrary, it declares that the pension shall terminate when the justification for it, i. e., the disability, terminates. It may be conceded for the purposes of this appeal that petitioner could not be deprived of a right to receive a pension by an erroneous determination, without a hearing. The failure to grant a hearing would then be ground for an attack on the proceedings of the board, as a result of which petitioner might be given a hearing to determine anew, and properly, the question of disability. (See *Sheehan* v. *Board of Police Commrs.*, 197 Cal. 70 [239 Pac. 844].) But surely that is the extent of his right. He neglected to avail himself of it for over three years, and refused to make his services available to the city when, by the terms of the charter, he was no longer entitled to a pension. To permit him now to recover back payments, not because he is entitled to them, but because he was denied a technical right to a hearing, would be to grant a remedy against the city highly penal in its effect, and wholly without relation to the actual right claimed to be violated. It must not be forgotten that under the charter he is only entitled to a pension during the period of his disability, regardless of how that disability is ascertained or declared.

We conclude, with the trial court, that petitioner was not entitled to a writ of mandate. Whether he had a right to compel the board to hear him on the question of disability is a matter not before us, and, in view of the finding to the effect that the same had ceased, which finding is not attacked, an attempted enforcement of such right would probably be barren of beneficial result.

We have considered this case and reached the foregoing conclusion on its merits, but we think it proper to add that the defense of the statute of limitations, as raised by respondent is sound. This is an action based upon a purported liability under the municipal charter, which is a law of the state (*Stern* v. *City Council*, 25 Cal. App. 685, 688 [145 Pac. 167]), and hence is a "liability created by statute", subject to the limitation provisions of section 338, subdivision 1, of the Code of Civil Procedure, which is three

years. ■ The statute of limitations may be set up in a special proceeding for a writ of mandate. (*Jones* v. *Police Commission*, 141 Cal. 96 [74 Pac. 696] ; *Harby* v. *Board of Education*, 2 Cal. App. 418 [83 Pac. 1081] ; *Curtin* v. *Police Commrs.*, 74 Cal. App. 77 [239 Pac. 335].) In *Harby* v. *Board of Education, supra,* where plaintiff had been removed from a position, the court further held that she was guilty of laches which served to bar her claim, because another person had been hired and compensated during the period following her removal. The court pointed out that in cases of this sort the application for relief should be promptly made, to protect the city against dual payment for the same service.

The judgment is affirmed.

Rehearing denied.

Thompson, J., dissented.