[Civ. No. 12762. Second Dist., Div. Three. Jan. 30, 1942.]

WALTER C. McMAHAN et al., Respondents, v. CHARLOTTE BARINGER, Appellant.

Lasher B. Gallagher for Appellant.

Pearlson & Singer for Respondents.

WOOD (Parker), J.—The appeal is from an order which (1) vacated a judgment that had been entered upon an order sustaining a demurrer to the complaint without leave to amend, and (2) vacated the order sustaining the demurrer without leave to amend, and (3) granted plaintiffs permission to file an amended complaint.

Appellant contends that the court did not have authority to make the order. The contention is well taken.

Respondents filed a complaint in tort. Appellant filed a demurrer to the complaint. The demurrer came on regularly for hearing and, having been regularly submitted for decision, the court made an order sustaining the demurrer without leave to amend and signed and entered a judgment which dismissed the action as to appellant. Two weeks thereafter plaintiffs served and filed a notice of motion to vacate the judgment and order, and for permission to file an amended complaint, a copy of which accompanied the notice. The motion was granted.

The notice did not state the grounds or papers upon which the motion would be based. No affidavits were filed. The only part of the record which indicates a theory upon which the motion was made is the citation, in the notice, of section 473 of the Code of Civil Procedure. There was no showing of mistake, inadvertence, surprise, excusable neglect, clerical error, or that the judgment as signed did not express the actual judicial intention of the court at the time it was signed. The judgment was not void.

Apparently, in granting the motion, the court concluded it had made an error in the exercise of judgment.

While a court has power to set aside judgments and orders inadvertently made which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend judicial error except under appropriate statutory procedure. (*Bastajian* v. *Brown* (1941), 19 Cal. (2d) 209 [120 Pac. (2d) 9]; *Stevens* v. *Superior Court* (1936), 7 Cal. (2d) 110 [59 Pac. (2d) 988]; *Fisch & Co.* v. *Superior Court* (1935), 6 Cal. App. (2d) 21 [43 Pac. (2d) 855].)

Respondents' contention that the case of *Carter* v. *Shinsako*, 42 Cal. App. (2d) 9 [108 Pac. (2d) 27], is controlling cannot be sustained. The facts in that case were materially different from those in the present case. There it was estab-

lished by *affidavit* in support of the motion that after the order sustaining the demurrer was made, and while proceedings for a modification of the order were pending, the judge *inadvertently* signed a judgment of dismissal.

The order is reversed.

Schauer, P. J., and Shinn, J., concurred.