[Civ. No. 17748. Second Dist., Div. Three. Mar. 6, 1951.]

WILLIAM PARR, Appellant, v. H. N. SWANSON, Respondent.

Edward H. Blixt for Appellant.

George W. Rochester for Respondent.

WOOD (Parker), J.—This is an action to recover $3,254.64, being the balance allegedly due upon a written contract whereby defendant agreed to buy from plaintiff 150 Solotone boxes (coin operated musical instruments) and 15 amplifiers.

In his answer the defendant denied that he executed the agreement alleged in the complaint. As a first separate defense he alleged that he agreed to buy said musical instruments upon the condition that plaintiff would place the instruments in locations selected by plaintiff subject to the approval of defendant and upon further condition that such locations prove profitable to defendant; that pursuant to the agreement six instruments were placed on location, and when the location proved unprofitable the possession of the instruments was returned to plaintiff; that plaintiff failed to place the instruments in a profitable location, and the contingency provided for in said agreement failed. He alleged as a second separate defense and by way of counterclaim that plaintiff failed to place the instruments in profitable locations, and defendant and plaintiff rescinded the contract and agreed to credit the defendant with the sum of $3,041.72 theretofore paid by defendant.

The court found that the parties did not enter into the contract alleged in the complaint; that the allegations of the first and second separate defenses and the counterclaim are untrue, except that on September 26, 1947, defendant gave to plaintiff $3,041.72 in cash; that said allegations were untrue for the reason there was no meeting of the minds of plaintiff and defendant upon any of the alleged transactions. It was adjudged that plaintiff take nothing by his complaint; and that defendant have judgment against the plaintiff on his counterclaim for $3,041.72.

Plaintiff appeals from the judgment and from an order vacating and setting aside an order granting plaintiff's motion for a new trial.

The said order from which plaintiff appeals is as follows: "On the court's own motion, the motion for a new trial having been heretofore granted in the above entitled case is vacated and set aside because of lack of jurisdiction on part of the court to make such motion [sic], said motion having *herefore* been automatically denied by operation of law as provided in section 660 CCP."

Appellant (plaintiff) contends that the motion for a new trial was not denied by operation of law, and that the court erred in setting aside the order granting the motion for a new trial.

Judgment was entered on July 27, 1949. On July 26, 1949, counsel for defendant caused a notice of entry of judgment to be mailed to counsel for plaintiff. That notice, which was dated July 26, 1949, stated: "On this day judgment was signed and entered in favor of defendant and against plaintiff in the sum of $3,041.72 with interest thereon at the rate of 7% per annum from date hereof until paid." On August 5, 1949, plaintiff filed a notice of intention to move for a new trial. On September 16, 1949, the motion for a new trial was heard and submitted, and on September 27, 1949, the motion was granted.

In order to explain the proceeding which was before the trial court when the court of its own motion set aside the order granting a new trial, reference should be made to another case between the parties. Another action by this plaintiff against this defendant (No. 541246 in superior court), upon an open book account for $2,615.19, was called for trial at the same time the present action was called for trial. The actions were not consolidated for trial. It was stipulated that the evidence received in case No. 541246 should be heard and considered

by the court in its determination of case No. 543273 (the present case). Plaintiff's counsel stated that he wished to try case No. 541246 first. After he had presented his evidence in that case, the judge asked him if he wanted to proceed in the other case. He replied that he would rather finish "this one" (No. 541246) and present evidence in the other case later. The court said: "All right. You want to try one and then the other." Defendant's counsel then stated that defendant admits that he owes plaintiff for the open book account ($2,615.19). He also said that defendant had a credit of $3,041.72 because the parties had agreed to cancel the contract to purchase the musical instruments and had agreed to apply the $3,041.72, paid thereunder, on the open book account. After further evidence was presented, separate judgments were rendered. Judgment in case No. 541246 was for plaintiff for $2,615.19. Judgment in case No. 543273 (the present case) was, as hereinabove stated, that plaintiff take nothing by his complaint and that defendant have judgment on his counterclaim for $3,041.72.

On October 19, 1949, after plaintiff's motion for a new trial in the present case had been granted (on September 27th), defendant filed a notice of motion to set aside the judgment against defendant in case No. 541246. It seems, from an affidavit of counsel for defendant in support of the motion, that said motion was made upon the theory that since the two cases allegedly were heard "together and jointly," the court, in granting plaintiff's motion for a new trial in the present case, should have given some consideration to the judgment against defendant in the other case, and that it was irregular and unfair to let that judgment stand after granting a new trial to plaintiff in the present case. In other words, it seems to be the theory of defendant that if a motion for a new trial was properly granted in the one case, then a new trial should have been granted in the other case. Defendant did not make a motion for a new trial.

Defendant's said motion to vacate the judgment in case No. 541246 was heard on October 25, 1949, and was dismissed by the court. Also at the hearing of that motion, the court of its own motion made the order (hereinabove quoted) setting aside the order granting plaintiff's motion for a new trial in the present case. As above indicated, one of the questions on this appeal is whether the motion for a new trial had been denied by operation of law at the time the trial court granted the motion for a new trial. In other words, a question is

whether the 60-day period within which a motion for a new trial may be granted had expired when the motion was granted. The answer depends upon whether or not a proper notice of entry of judgment was given. It seems that the judge, in setting aside the order granting a new trial, considered that notice of entry of judgment had been given on July 26, 1949, the date the notice of entry of judgment was mailed to plaintiff's counsel, or on July 27th, the next day after the notice was mailed. If either date was the proper date from which to compute the 60-day period, then the 60-day period within which the motion might have been granted expired on September 24th or 25th. In either event, since the motion was granted on September 27th, the motion would have been denied by operation of law before the order granting the motion was made. ██ It is to be noted that the notice of entry of judgment stated that the judgment had been entered on July 26, 1949. The judgment was not entered on that date and had not been entered when the notice was mailed. The judgment was entered on July 27, 1949. The notice of entry of judgment which was served on plaintiff was not a proper notice of the entry of the judgment herein, and the notice was ineffectual to start the 60-day period within which a motion for a new trial might be granted. That period should not be counted from the date of service of that notice but should be counted from August 5, 1949, the date plaintiff filed his notice of intention to move for a new trial. The time within which the motion for a new trial could be granted expired on October 4, 1949. Since the motion was granted on September 27th, the motion was granted within the proper time and it was not denied by operation of law. The court erred in making the order of October 25th setting aside the order granting the motion for a new trial.

██ Irrespective of whether the motion for a new trial had been denied by operation of law, the court erred in setting aside the order granting the new trial. The order granting the motion for a new trial had been entered, and there was no showing that the order as entered did not express the actual judicial intention of the court at the time it was made and entered. It appears that the court in setting aside the order granting the new trial was attempting to correct an alleged judicial, as distinguished from a clerical, error. Even if the order granting the new trial had been erroneous, the court was not empowered to set aside the order. ██ It is established that a court may not vacate its own judgment in

order to correct a judicial error except under appropriate statutory procedure. (*Barlow* v. *City Council of Inglewood,* 32 Cal.2d 688, 693 [197 P.2d 721]; *McMahan* v. *Baringer,* 49 Cal.App.2d 431, 432 [122 P.2d 63].)

■ The order setting aside the order granting the motion for a new trial must be reversed. In view of that conclusion, and since the order granting a new trial was effective, it is not necessary to consider the appeal by plaintiff from the judgment. The questions presented by the appeal from the judgment have become moot.

■ Respondent (defendant) asserts that the order vacating the order granting a new trial is not appealable. An appeal may be taken from a special order made after final judgment. (Code Civ. Proc., § 963.) The order vacating said order granting a new trial is such a special order. This contention of respondent is not sustainable.

■ Respondent also asserts in effect that "the counting of the days between the notice of entry of judgment and the running of the 60 days is academic," and that since the two cases (the present one and No. 541246) were "tried as one by the lower court on motion and stipulation by counsel for Appellant and counsel for Respondent," this court should decide the merits of the appeal "on the judgment rolls, exhibits and transcript of the two causes of action." As above shown, the two cases were not consolidated for trial but were tried as separate cases, and separate judgments were rendered. Defendant did not make a motion for a new trial, and he did not appeal. Under such circumstances this court cannot review the judgment in the other case, No. 541246.

The order of October 25, 1949, vacating and setting aside the order granting the motion for a new trial is reversed. The appeal from the judgment is dismissed.

Shinn, P. J., and Vallée, J., concurred.