338

JAMES HERVEY JOHNSON, Respondent, v. JOHN T. HOLT et al., Appellants.

Franklin B. Orfield for Appellants.

Clifford J. Baxter for Respondent.

BARNARD, P. J.—This is an appeal from an order permiting the plaintiff to file an amended complaint.

The plaintiff appeared in propria persona throughout the proceedings in the trial court. In the original complaint, filed September 6, 1955, damages were sought based on allegations that the defendants, with fraudulent intent, had made misrepresentations to the mother of plaintiff, together with false accusations against the plaintiff, for the purpose of inducing her to break an existing agreement between her and the plaintiff, and had caused a prior suit to be brought for the purpose of breaking that agreement. A demurrer was filed which came on for hearing on November 3, at which time the court granted a continuance to December 1, 1955. On December 1, the plaintiff failed to appear and the court made an order sustaining the demurrer without leave to amend. On December 2, the plaintiff appeared and learned that the demurrer had been sustained, and the judge told the clerk to phone the defendants' attorney and ask him to appear so that plaintiff could make a motion to vacate the order sustaining the demurrer. Apparently, such a motion was made as the defendants appeared on December 6 and opposed the granting of such a motion. The court ordered the defendants to submit a brief as to why such relief should not be granted. The matter was submitted on December 16 on points and authorities submitted by both parties. The plaintiff's brief relied on section 473 of the Code of Civil Procedure, and cited many cases on the granting of such relief.

On February 21, 1956, the court filed a memorandum decision "on the motion of plaintiff to vacate and set aside" the order sustaining the general demurrer without leave to amend. After stating that the showing of excusable neglect on the part of the plaintiff was sufficient to sustain his position (based on confusion with respect to the date of hearing at the time of setting the date, and on a change of date on the face of the minute entry fixing the date), the court went on to say that it was difficult to ascertain the theory on which the complaint was based; that "in its present condition" it cannot be told whether the cause of action is based on fraud, on damages for tort, for libel, or for all three; that the plaintiff had made no attempt to show how the complaint could be amended; that any amendment setting up a cause for libel, or for damages not founded on fraud, would be barred by the one-year statute; and that for these reasons the motion to set aside the default would be denied. An order was entered on February 24 denying "the motion to set aside the order sustaining the demurrer without leave to amend," in which it was recited that the mat-

ter had come on regularly for hearing on December 2. On the same day, February 24, an order was entered dismissing the action.

On February 27, 1956, the plaintiff filed a motion for further hearing on the sustaining of the demurrer without leave to amend, and for a reconsideration of the order denying the motion to set aside the default. Plaintiff stated therein, among other things, that he understood that he was directed by the court to present a brief on the question of the authority of the court to grant relief, and not on the question of the sufficiency of the complaint; that the court had conceded that there was excusable mistake on his part in not appearing on the date set for hearing of the demurrer; that he has not yet had an opportunity to support his complaint and will suffer irreparable loss if denied the right to do so; and that he petitions the court for a further hearing and reconsideration of the previous ruling. On the same day, February 27, the plaintiff also filed points and authorities relating to the sufficiency of his complaint. On the same day a minute order was entered stating that the plaintiff ''moves'' that the judgment of dismissal, and the order denying a motion to set aside the order sustaining the demurrer without leave to amend, be set aside; and that the matter is continued ''by stipulation of counsel to permit argument on the motion.''

On March 5, 1956, the plaintiff filed a proposed first amended complaint. On the same day, he filed a written motion for an order setting aside the order sustaining the demurrer without leave to amend, and for an order setting aside the judgment of dismissal. It was stated therein that the motion would be made on the pleadings and on ''the memoranda of points and authorities'' and the complaint on file. In addition, it also asked the court to ''please refer'' to the points and authorities filed on February 27. This motion came on for hearing on March 26, 1956, and, after a hearing, the court ordered that the plaintiff be granted leave to submit a second amended complaint on or before April 2, 1956; that the defendants have an opportunity to file an affidavit in opposition thereto; and that the case then stand submitted. The plaintiff filed a second amended complaint on April 2, 1956.

On May 25, 1956, the court filed a memorandum opinion stating that the matter was before the court on plaintiff's motion to set aside the judgment of dismissal; that the motion was based on the ground of excusable neglect under section 473; that the court had theretofore ruled that there was, in

fact, sufficient confusion to warrant the court in granting the motion now pending; that the judgment was entered February 24 and the motion to set it aside was promptly filed on March 5, 1956; that the plaintiff had brought himself squarely under the provisions of section 473; and that it would be an abuse of discretion to refuse to permit him to amend his complaint to set out the particulars. It was then pointed out that the second amended complaint alleges in substance that the defendants fraudulently interfered with the contractual relations between the plaintiff and his mother, that as a result of this false accusation the mother breached the contract between her and the plaintiff, and that by reason of such fraud on the part of the defendants the plaintiff has been damaged, setting forth the items of the alleged damage; that the proposed second amended complaint does not set forth a different cause of action from the one attempted to be alleged in the original complaint, quoting parts of the two complaints to show that fact; that the proposed complaint does not show on its face that the cause of action alleged therein is barred by the statute of limitations; that the representations made by the defendants to the plaintiff's mother cannot be made the basis of a claim that such representations were privileged; that the mother is not a party to this action; and that, for the reasons stated, permission to file the second amended complaint is granted and the defendants given ten days to answer or otherwise plead.

The defendants have appealed from "that certain minute order made and entered by the court on the 25th day of May, 1956, which said order grants permission to the plaintiff to file his Second Amended Complaint." While the clerk's transcript shows no formal order granting the plaintiff's motion to set aside the judgment of dismissal the order appealed from was clearly intended to have that effect and, apparently, it was so understood by the court and by the parties. It would be an idle thing to remand the cause for the purpose of having such a formal order made if, in fact, such an order was not entered.

It is first contended that the court was without power to vacate the judgment of dismissal which was entered after the plaintiff's motion for relief under section 473 had been denied. It is argued that a court is without power to correct a judicial, as distinguished from a clerical, error; that the plaintiff's first motion under section 473 on the ground of mistake and excusable neglect was denied; that, thereafter, he moved to set aside the order sustaining the demurrer and the

judgment of dismissal; that in this second motion he referred to his points and authorities filed on February 27; that section 473 was not mentioned in the points and authorities filed on February 27; that in order to come within section 473 on his second motion for relief the plaintiff would have to show that the order denying his first motion for relief was taken against him by mistake or excusable neglect; that nothing in the record indicates that the first order denying relief was taken against him under those circumstances; that plaintiff's only recourse was by an appellate review of the order denying his first motion under section 473; and that the matter of setting aside the judgment of dismissal was never properly before the court.

The first motion for relief under 473 was directed to a hearing on the demurrer, and no judgment of dismissal was entered until after that motion had been denied. The second motion to set aside the order sustaining the demurrer and also the judgment of dismissal was filed on February 27, three days after the judgment of dismissal was entered. On that same day the plaintiff filed two statements of his contention or points and authorities, one on the question of granting relief and the other on the question as to the sufficiency of his complaint. On stipulation of counsel that matter was continued without date to permit argument on the motion. The plaintiff then filed, on March 5, another motion to set aside the order sustaining the demurrer and the judgment of dismissal, the motion being made on the pleadings, the "memoranda" of points and authorities and the first amended complaint on file. Not only was this a sufficient reference to all of the points and authorities previously filed but one of the documents filed by the plaintiff on February 27, sufficiently set forth a claim for relief because of mistake and excusable neglect on plaintiff's part. It rather clearly appears that all of the plaintiff's motions were motions for relief based on section 473. Both of those filed after the judgment of dismissal was entered related to that judgment, and involved a matter which the court had not passed on in denying the first motion. In passing upon the first motion for relief the court had not held that the original complaint was incapable of any amendment, and in passing on the subsequent motions made after judgment of dismissal, the court passed on that phase of the matter and allowed an amended complaint to be filed. If a showing was required that the first order denying his motion for relief was taken against the plaintiff because of his mistake or excusable neglect in connection with that order, such a showing appears in that the

plaintiff had understood that the court had asked him only for a brief on the question of the granting of relief and not for one on the question of the sufficiency of his complaint. The cases of *Barlow* v. *City Council of Inglewood*, 32 Cal.2d 688 [197 P.2d 721] and *McMahon* v. *Baringer*, 49 Cal.App.2d 431 [122 P.2d 63], relied on by the defendants, are factually dissimilar to the instant case and are not controlling here.

Aside from the issue directly involved, the usual rule is that a demurrer to an original complaint should not be sustained without leave to amend, unless it appears that no amendment is possible. The fact that the plaintiff was not a lawyer and was appearing in propria persona was a further element which could be considered by the court in passing on the sufficiency of the showing for relief under section 473. Under the circumstances here appearing, it cannot be held that the court was without authority to grant this relief and to permit the filing of the second amended complaint.

The defendants' further contentions that the action could not be maintained in any event because they had an absolute privilege to advise the plaintiff's mother to breach her agreement with the plaintiff, and that the second amended complaint in attempting to set up a cause of action against the defendants for interference with contractual rights, sets up an entirely new and distinct cause of action from that attempted to be set up in the original complaint and is therefore barred by the statute of limitations, cannot be sustained. The question of privilege related to the mother, who was not a party to this action, and is a matter of defense presenting factual questions. We are in accord with the trial court's conclusion that the basis of the plaintiff's cause of action, as set forth in the original complaint, was the unjustifiable interference by the defendants with the contractual relationship between the plaintiff and his mother, through their false and fraudulent representations made to her, that the basic cause of action was not changed by the second amended complaint, and that it does not appear on the face of the record that the plaintiff's cause of action is barred by any statute of limitations.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.