[Civ. No. 5889.   Fourth Dist.   Aug. 17, 1959.]

JAMES HERVEY JOHNSON, Appellant, v. JOHN T. HOLT et al., Respondents.

Clifford J. Baxter for Appellant.

Orfield & Thompson for Respondents.

SHEPARD, J.—This is an appeal by plaintiff from a summary judgment entered in favor of defendants in an action brought by plaintiff seeking damages for alleged unlawful interference by defendants with the contractual relationship between plaintiff and his mother, Nora E. Johnson.

Plaintiff's complaint alleges *inter alia* that plaintiff and said mother, some years previous to 1952, had entered into an agreement by which the parties thereto agreed to hold certain real and personal property in joint tenancy to the end that the survivor would become the sole owner thereof; that pursuant thereto the said parties did transfer into joint tenancy of record said real and personal properties; that on or about September 18, 1952, defendants did communicate to said mother certain false information for the wrongful and unlawful purpose of causing said mother to breach said agreement, knowing said information to be untrue; that pursuant to said wrongful purpose defendants caused an action to be brought in the superior court of San Diego County in the name of said mother (who was then incompetent) seeking to cause the termination of said contractual relationship; that certain allegations contained in said action were defamatory of this plaintiff, were untrue and known by these defendants to be untrue; and that in defending said action this plaintiff sustained damage, including loss of personal time, costs, expenses and attorney's fees in amounts detailed therein. Plaintiff prays actual and punitive damages. This court in a previous appeal affirmed the action of the trial court in permitting the filing of the amended complaint with which we are now dealing, and necessarily ruled that said amended complaint stated a cause of action. Said order, so ruling, has become final and is now the law of the case. (*Johnson* v. *Holt*, 152 Cal.App.2d 338, 343 [1b] [313 P.2d 150].)

After remittitur, defendants answered and moved for a summary judgment under the provisions of Code of Civil Procedure, section 437c, and filed affidavits in support of said motion. In general effect, defendant's affidavits assert that early in 1952 David H. Thompson (one of the defendants herein), acting as the attorney for said mother, requested of this plaintiff an accounting of this plaintiff's handling of said mother's assets, and that this plaintiff refused such accounting; that said Thompson did advise said mother of this plaintiff's refusal to account for her share of income from the joint tenancy property, but denies that he did at any time advise her of any of the other false statements. Said affidavits further

assert that the action on behalf of said mother against this plaintiff was commenced solely and only for the protection of the mother's interests and not from any wrongful motives; that said action was commenced with the full knowledge and consent of the mother; that savings bank account Number 37703, Security Trust and Savings Bank, Main Branch, San Diego, California, which account contained the sum of $30,-183.74 (which is one of the primary subjects of the contractual agreement upon which the present action is based) was opened on February 19, 1945, and on March 19, 1952, stood in the name of said mother and this plaintiff as joint tenants; that on said March 19, 1952, this plaintiff did transfer all of the monies of said account into his name alone and closed said account; that on June 14, 1952, there was added to said account the name of J. H. Johnson, trustee for Nora E. Johnson; that on January 7, 1953, in said action of September 18, 1952, on behalf of said mother against this plaintiff, which is Superior Court of San Diego County Action Number 175890, a judgment was entered by the court by stipulation of the parties without findings, decreeing the ownership in each of the parties of certain parcels of property in said decree described and included in said decree as the adjudication that said mother was then the owner of said savings account Number 37703. Said decree further provided that all of the property described in said decree, including any change of form thereof on reinvestment of proceeds thereof, is to remain subject to the survivorship characteristics of joint tenancy in accordance with the agreement of the parties theretofore entered into, and each party is impressed with a trust so that such right of survivorship may not be defeated by any act of the other party during his or her lifetime, or by operation of law. Said decree further provided that each of said owners, respectively, is entitled to possession of the property so owned and to the use and benefit of the income thereof.

Plaintiff herein filed several affidavits in opposition to the affidavits of defendants on said motion for summary judgment. The affidavits of plaintiff deal in large part with refutation or attempted refutation of the denials in defendants' affidavits of those portions of plaintiff's complaint alleging the communication to the mother of certain allegedly defamatory material regarding this plaintiff's honesty and motives. Plaintiff's affidavits further deal largely with accusations of dishonesty, bad motive and malice on the part of these defendants in the bringing of said action Number 175890. The repe-

tition of the details of these various charges and counter-charges is of no benefit to any of the parties hereto nor are they necessary in the decision of this cause, and we therefore refrain from such repetition. The counteraffidavits of this plaintiff, however, fail to refute certain vital portions of the affidavits in support of the motion for summary judgment. First, these defendants have denied flatly the communication to the mother of the alleged defamatory material regarding dishonesty and motive of this plaintiff toward said mother. The affidavits of this plaintiff and of defendants show only that the complaint itself was communicated to said mother. Nowhere in any of the affidavits is there any attempt by this plaintiff to show that these defendants communicated such material independently of the written complaint, so that the source of the allegations contained in the complaint remains untouched except that defendants deny that they were such source. The source may well have been from the bewildered and confused mind of the incompetent mother. Second, this plaintiff has not denied that he refused to account to said mother through her attorney for her share of the income from joint tenancy property, nor has he denied that he failed from March 19, 1952, until at least September 18, 1952, to account to said mother for her share of the income of said joint tenancy property. Third, nor has plaintiff denied that he did close out said joint tenancy account Number 37703 and take the $30,-183.74 therein contained into his own name alone, thereby excluding her absolutely not only from the title but also from the use and benefit of property which by the stipulated judgment in said action Number 175890 was owned by said mother. Fourth, nor do plaintiff's affidavits refute the fact of the judgment by stipulation in said action Number 175890 hereinbefore related. Plaintiff by his affidavit seeks to justify the removal of the funds from account Number 37703 by certain rather nebulous statements to the effect that his action was for the benefit of said mother, to prevent her from being cheated. However, his duty in that respect should have been fulfilled by a guardianship proceeding if such were necessary, and not by excluding her from the use and benefit of her own property.

■ The law regarding the application of Code of Civil Procedure, section 437c, in a motion for summary judgment has already been well clarified by numerous decisions of the courts of this state. As applied to those factors with which we are especially concerned in the case at bar, it may be concisely stated that while it is the duty of a trial court

to refuse a summary judgment if the opposition affidavits (assuming them to be wholly true) establish factual matter showing that there is a triable issue of fact, nevertheless, the affidavits must show facts from which it appears that the party opposing the summary judgment has a good and substantial defense or a good cause of action on the merits (depending on whether or not he is a defendant or a plaintiff). (*Hardy* v. *Hardy*, 23 Cal.2d 244, 246 [3] [143 P.2d 701].; *Coyne* v. *Krempels*, 36 Cal.2d 257, 260 [1], 262 [7] [223 P.2d 244]; *People* v. *City of Garden Grove*, 165 Cal.App.2d 794, 798, 799 [332 P.2d 841].)

■ It is apparent from the uncontroverted facts that the mother was justified in maintaining said action Number 175890 against plaintiff since he, and not she, had breached the contract. Since she was an incompetent, others could do it for her under direction of our courts. The real gist of her cause of action was in the breach of the contract by him for the removal of said savings account Number 37703 and his failure to account. It is perfectly apparent that if he had died at any time during the months following March 19 and at least up to June 14, 1952, the assertion of her survivorship rights would have been fraught with difficulty, probably a court action, the result of which would have been indeterminate because of the sealed lips of the primary source of information due to death. It is also true that she was by plaintiff's action barred from the use of her own property for her own necessities. It cannot be viewed in any other light than as a breach of the very contract upon which he is suing, and which contract was restored to its full status only by the very action of which he now complains. ■ A person who breaches a contract cannot maintain an action for interference with or inducement to breach said contract against another when such interference or inducement occurred during a continuance of such plaintiff's own breach. (*Case* v. *Kadota Fig Assn.*, 35 Cal.2d 596, 602 [2] [220 P.2d 912].)

The judgment appealed from is affirmed.

Griffin, P. J., and Mussell, J., concurred.